**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

TERESA VALENCIA,

     Defendant - Appellant.

No. 06-4159
(D.C. Nos. 06-CV-328-PGC and
D.C. No. 03-CR-201-PGC)
(D. Utah)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Teresa Valencia, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of her 28 U.S.C. § 2255 habeas petition. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS**.

On August 19, 2003, Valencia was convicted of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Valencia filed a § 2255 petition in federal district court on April 18, 2006, claiming that she received ineffective assistance of counsel and that her sentence was impermissibly enhanced in violation of United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New

Jersey, 530 U.S. 466 (2000). The district court denied her petition as untimely on April 20, 2006. Valencia subsequently brought a "Motion Requiring Burden of Proof of Jurisdiction, Grand Jury Qualification, and United States Court for the District of Utah, Central Division as an Article III Court." Concluding that this motion was an attack on her criminal sentence, the district court construed it as a successive habeas petition and dismissed it for failing to meet the requirements of § 2255. Valencia then filed an "objection" to this dismissal, which the district court denied on June 9, 2006.

Valencia's Notice of Appeal designates the district court's June 9, 2006 order as the subject of her appeal. However, her application for COA[1] and accompanying brief – raising arguments under Booker, Blakely, and Apprendi – make clear that she intends to appeal the district court's dismissal of her original habeas petition. Misstating the relevant order in a Notice of Appeal does not require our dismissal. See United States v. Morales, 108 F.3d 1213, 1222-23 (10th Cir. 1997). Thus, we have jurisdiction to consider Valencia's application

---

[1] A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Valencia to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court did not rule on whether to grant Valencia a COA, we assume it was denied. 10th Cir. R. 22.1(C). Accordingly, she may not appeal the district court's decision absent a grant of COA by this court.

for a COA.[2]

Nonetheless, we must deny a COA in this case. A movant must generally file a § 2255 petition within one year from the date her conviction becomes final. 28 U.S.C. § 2255. Valencia did not file her petition until two-and-a-half years after her final judgment of conviction. Although there are recognized exceptions to the one-year statute of limitations for § 2255 motions, see id., Valencia has failed to demonstrate that any of those exceptions apply to her case. We agree with the district court that her § 2255 petition is time-barred and accordingly **DENY** her application for a COA and **DISMISS** her appeal. We **GRANT** her motion to proceed on appeal in forma pauperis.

ENTERED FOR THE COURT


Carlos F Lucero
Circuit Judge

---

[2] Because the district court did not enter a separate judgment disposing of Valencia's § 2255 petition, judgment is deemed entered 150 days from the entry of the relevant order. Fed. R. Civ. P. 58(b)(2)(B). Thus, the judgment dismissing the first § 2255 petition is deemed entered on September 18, 2006, and Valencia's June 26, 2006 Notice of Appeal is timely. See Thompson v. Gibson, 289 F.3d 1218, 1221 (10th Cir. 2002) (holding that a Notice of Appeal is timely when filed before final judgment is entered by the district court).