FILED
United States Court of Appeals
Tenth Circuit

November 23, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

REYES TERRONES-LOPEZ,

        Defendant - Appellant.

No. 11-6200
(D.C. Nos. 5:11-CV-00321-L &
5:07-CR-00014-L-1)
(D. W.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant Reyes Terrones-Lopez, proceeding pro se, filed a motion for relief under 28 U.S.C. § 2255 in the United States District Court for the Western District of Oklahoma. The court denied the motion. Defendant now seeks a certificate of appealability (COA) from this court so that he may appeal the district court's decision. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 relief). We deny the application for a COA and dismiss the appeal because the district court's decision that Defendant's motion was untimely is not debatable or wrong.

I.    **BACKGROUND**

In January 2007 a federal grand jury indicted Defendant on ten counts alleging drug offenses. In compliance with an agreement with the government, he pleaded guilty to three counts charging distribution of cocaine. *See* 18 U.S.C. § 841(a)(1). He also waived his right to appeal or raise a collateral challenge to his guilty plea or sentence, except that he retained the right to challenge a sentence above the guidelines range. On October 10, 2007, the district court entered judgment sentencing Defendant on the three counts to 108 months in prison and dismissing the remaining counts.

On December 22, 2008, Defendant filed a pro se notice of appeal. He argued that his sentence should be vacated because the sentencing court failed to consider all factors set forth in 18 U.S.C. § 3553(a) before imposing sentence. On April 13, 2009, a panel of this court granted the government's motion to dismiss the appeal as untimely. *See United States v. Terrones-Lopez*, No. 08-6274 (10th Cir. Apr. 13, 2009) (unpublished order). On January 13, 2011, Defendant filed a nearly identical pro se notice of appeal. We dismissed the appeal on February 17, 2011, this time raising sua sponte the inordinate lateness of Defendant's appeal. *See United States v. Terrones-Lopez*, No. 11-6011 (10th Cir. Feb. 17, 2011) (unpublished order).

On March 23, 2011, Defendant, proceeding pro se, filed his § 2255 motion in district court. He raised six claims for relief: (1) trial counsel was ineffective for failing to file a notice of appeal despite Defendant's request for counsel to do

so, and his waiver of his right to appeal was invalid; (2) trial counsel provided ineffective assistance by failing to (a) investigate witnesses, (b) submit a meaningful motion to suppress evidence, (c) keep Defendant apprised of his rights and available defenses, (d) object to misleading testimony, (e) make Rule 32 objections to the presentence report, (f) submit authorities justifying a downward departure, and (g) protect Defendant's rights to due process and a direct appeal; (3) the trial court procedurally erred by (a) ignoring his fast-track disparity argument and (b) imposing sentence without stating reasons; (4) Defendant's indictment was defective because it failed to allege drug quantity and the range of penalties; (5) Defendant's sentence was outside the range of reasonableness; and (6) Defendant should have received a downward departure because of his status as a deportable alien. Defendant's motion did not explain why it was filed after the one-year limitations period imposed by 28 U.S.C. § 2255(f). The district court denied Defendant's motion as untimely. It also observed that even if Defendant had timely filed his motion, it would be denied because Defendant had knowingly and voluntarily waived his right to attack his sentence and his claims were unsupported by the record.

Defendant filed a timely notice of appeal. Reading liberally Defendant's pro se application for a COA, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Defendant now challenges his sentence on the ground that 18 U.S.C. §§ 841 and 846 are unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

## II.  DISCUSSION

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If the application was denied on procedural grounds, the applicant must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

Section 2255 motions are subject to a one-year statute of limitations.  *See* 28 U.S.C. § 2255(f).  The limitations period begins on the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). We generally assume that the limitations period begins to run at the time the movant's conviction became final unless the movant can show that it should begin at a later time. *See United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006). "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006).

The district court entered judgment in Defendant's case on October 10, 2007. At that time the Federal Rules of Appellate Procedure gave Defendant 10 days (excluding intermediate Saturdays, Sundays, and legal holidays) to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A) (2008); Fed. R. App. P. 26(a) (2008). Defendant's conviction therefore became final on October 24, 2007, and he had until October 24, 2008, to file a § 2255 motion. But Defendant did not file his motion until March 23, 2011. No reasonable jurist could debate that the motion was untimely. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (internal quotation marks omitted)).

Although the limitations period can be extended by equitable tolling, *see United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008), Defendant has made no argument in the district court or this court that equitable tolling should apply. Also, Defendant's untimely notices of appeal did not delay the onset of

the limitations period.  *See United States v. Smith*, 2000 WL 639488, at *1 (10th Cir. May 18, 2000) (unpublished).

## III.  CONCLUSION

We DENY Defendant's request for a COA and DISMISS this appeal.  We DENY Defendant's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge