**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JEFFREY LARSON,

        Plaintiff-Appellant,

v.

TOM MEEK; LORI MCGOWAN;
EDD GILLESPIE,

        Defendants-Appellees.

No. 04-1169
(D.C. No. 02-N-1922 (CBS))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

Jeffrey Larson, a Colorado state prisoner appearing pro se, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint alleging violations of

his Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291.

Because the district court primarily dismissed Mr. Larson's claims for failure to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

exhaust administrative remedies under the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), we VACATE the dismissal of the claims against Tom Meek and Lori McGowan and REMAND for further consideration in light of the recent Supreme Court decision in *Jones v. Bock*, 127 S. Ct. 910 (2007). We AFFIRM the dismissal of the claims against Edd Gillespie.

## I.

Mr. Larson asserted two claims arising from the conditions of his confinement at Four Mile Correctional Center.[1]  Essentially he asserted that Mr. Meek interfered with his ability to receive prescribed medications for his diabetes and mental illnesses, that Mr. Meek's supervisor, Ms. McGowan, approved or allowed these deprivations, and that Mr. Gillespie also allowed the deprivations by denying his grievances.

The magistrate judge recommended Mr. Larson's complaint be dismissed for failure to state a claim for a number of reasons, including Mr. Larson's

---

[1]    Mr. Larson sought to amend his complaint after the magistrate judge recommended granting defendants' motion to dismiss.  The district court refused to file his amended complaint and considered only the original complaint.  Under Fed. R. Civ. P. 15(a), however, Mr. Larson was not obligated to seek the court's permission to file his amended complaint.  That rule allows plaintiffs to amend their complaint "once as a matter of course at any time before a responsive pleading is served."  Defendants' motion to dismiss is not considered a "responsive pleading" for purposes of Rule 15(a), and thus Mr. Larson could amend his complaint prior to the district court's ruling on the motion to dismiss. *See Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989).  Accordingly, we consider the allegations of the amended complaint as well as the original complaint in our review.

failures to describe with particularity how he exhausted his administrative remedies with regard to his first claim and to show exhaustion as to his second claim. The district court accepted the magistrate judge's recommendations, holding that Mr. Larson had failed to show he exhausted his administrative remedies on his claims and that he failed to show entitlement to either compensatory or punitive damages, leaving only "a *de minimis* case which cannot go forward." R. Doc. 53 at 8. Mr. Larson appeals.

**II.**

We must first address appellees' argument that this court lacks jurisdiction to hear this appeal because Mr. Larson failed to file his notice of appeal within thirty days of the district court's dismissal. *See* Fed. R. App. P. 4(a)(1)(A); *Trotter v. Regents of the Univ. of N.M.*, 219 F.3d 1179, 1182 (10th Cir. 2000).

Judgment was entered March 22, 2004, so that Mr. Larson had until April 21, 2004, to file his notice of appeal. He has submitted legal mail logs showing mailings to this court, the district court, and opposing counsel on April 21, 2004. This court received his misdirected notice of appeal on April 23, 2004, and transferred it to the district court. The district court filed that notice of appeal as of April 23, 2004, as directed by this court's transmittal letter.

The state defendants argue that Mr. Larson's notice of appeal was untimely for two reasons. First, they argue that Mr. Larson has never submitted a notarized statement or a statement that complies with 28 U.S.C. § 1746 (unsworn

declarations filed under penalty of perjury), so that he is not entitled to invoke the prisoner "mailbox rule." Second, they contend that he cannot apply both the misdirected filing rule and the mailbox rule.

### *Mailbox Rule*

Federal Rule of Appellate Procedure 4(c)(1) provides:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

This court has held that:

> [W]e read Fed. R. App. P. 4(c)(1) to provide the mandatory method by which a prisoner, who does not have access to a legal mail system, proves compliance with the mailbox rule. If a prison lacks a legal mail system, a prisoner must submit a declaration or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was prepaid.

*United States v. Ceballos-Martinez*, 387 F.3d 1140, 1145 (10th Cir. 2004).

Unlike *Ceballos-Martinez*, however, Mr. Larson used a legal mail system. *Ceballos-Martinez*'s requirement of a declaration or notarized statement, then, is inapplicable to this case. *See Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005) ("To summarize, an inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the

prison's legal mail system if a satisfactory system is available, or (2) if a legal mail system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid."). By alleging that he used the legal mail system and filing a copy of the prison's legal mail log with this court, Mr. Larson has satisfied his obligation to prove timely use of the legal mail system.

### *Misdirected Filing Rule*

The defendants also submit that, under Federal Rule of Appellate Procedure 4(d), Mr. Larson's misdirected notice of appeal must be treated as if it were filed in the district court as of the date that it was received in this court, so that his notice was two days late. Rule 4(d) provides that when a notice of appeal is sent to the court of appeals, "the clerk of that court must note on the notice the date when it was received and send it to the district court. The notice is then considered filed in the district court on the date so noted."

Mr. Larson's notice of appeal would be considered timely, though, if Rule 4(c)(1) and 4(d) are applied together, with the "receipt" date at this court being considered the date when Mr. Larson placed his notice of appeal in the prison's legal mail system. We see no reason why the two rules should not be applied together. Thus, the mailbox rule and the misdirected filing rules combine to make this appeal timely, and we have jurisdiction to decide this appeal.

**III.**

We review a § 1997e(a) dismissal for failure to exhaust administrative remedies de novo. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1185 (10th Cir. 2004), *abrogated on other issues by Jones*, 127 S. Ct. at 923-25. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and . . . construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.*

The district court properly dismissed the claims against Mr. Gillespie. Nothing in either the original complaint or the amended complaint indicates any action or omission by Mr. Gillespie beyond his denial of Mr. Larson's grievances. Mr. Gillespie's denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam). This situation, which is fatal to Mr. Larson's case, cannot be corrected by amending the complaint. Consequently, we affirm the dismissal of the claims against Mr. Gillespie.

Mr. Larson does allege personal participation by Mr. Meek in his original and amended complaints and appears to allege personal participation by and/or

supervisory liability for Ms. McGowan in his amended complaint. Because the district court's dismissal primarily relied on Mr. Larson's failure to show he exhausted his claims against these defendants, these claims must be remanded for further consideration in light of *Jones*. Until *Jones*, this court's precedent characterized exhaustion as a pleading requirement and required prisoners to attach copies of administrative dispositions or describe the proceedings with specificity. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). In *Jones*, however, the Supreme Court concluded that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 127 S. Ct. at 921. Since "[e]xhaustion is an affirmative defense, . . . the burden of proof is on the defendants." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *accord Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir. 2005) (per curiam). In light of this significant shift in the evidentiary burden, we conclude that the district court should be given the opportunity in the first instance to evaluate defendants' proof of nonexhaustion.[2]

_____

[2]      We recognize the district court identified other reasons for dismissing Mr. Larson's action, including failures to show sufficient physical injury under 42 U.S.C. § 1997e(e) to recover damages for a mental or emotional injury and to show the level of conduct necessary for punitive damages. We are not certain the district court properly evaluated Mr. Larson's damages claims. But even if Mr. Larson cannot recover compensatory or punitive damages, he may still be entitled to pursue his action and receive an award of nominal damages.

(continued...)

Finally, on appeal Mr. Larson also claims that the PLRA discriminates against prisoners with mental impairments. We decline to address this issue because it was not raised in the district court in the first instance. *See Oliveros v. Mitchell*, 449 F.3d 1091, 1095 (10th Cir. 2006).

**IV.**

We GRANT Mr. Larson's motion to proceed without prepayment of costs and fees, and he is reminded that he is obligated to continue making partial payments until the entire fee has been paid. We AFFIRM the dismissal of the claims against defendant Gillespie. With regard to the claims against defendants Meek and McGowan, we VACATE the district court's decision and REMAND for further proceedings in accordance with *Jones*, 127 S. Ct. at 921.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[2](...continued)
*See Searles v. Van Bebber*, 251 F.3d 869, 876, 878-79 (10th Cir. 2001) (concluding that § 1997e(e) limits an inmate's ability to recover for mental or emotional injuries, but does not bar recovery of nominal or punitive damages); *see also City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) ("Regardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards.").