FILED
United States Court of Appeals
Tenth Circuit

April 6, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CURTIS SANDOVAL,

      Defendant-Appellant.

No. 09-2306
(D. N.M.)
(D.C. Nos. 1:09-CV-00680-MCA-
WPL and 1:06-CR-00044-MCA-1)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Curtis Sandoval applies for a certificate of appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2255 motion as untimely. Mr. Sandoval also requests leave to proceed *in forma pauperis* ("IFP"). For the reasons discussed below, we deny the COA and the request to proceed IFP, and dismiss his appeal.

---

[*]   This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. Background

On July 13, 2009, Mr. Sandoval filed a § 2255 motion before the United States District Court for the District of New Mexico in which he alleged ineffective assistance of counsel and asserted that his sentence was in violation of the First Amendment. The district court had entered judgment on the relevant conviction on April 25, 2007. Mr. Sandoval did not appeal this conviction or sentence. Consequently, the district court, noting the one-year limitations period for § 2255 motions, entered a show cause order asking Mr. Sandoval to explain why his motion should not be dismissed as untimely. On August 25, 2009, the district court dismissed Mr. Sandoval's § 2255 motion with prejudice because it had not received the requested response from Mr. Sandoval.

However, the government, on August 26, 2009, filed a notice with the district court explaining that the government had received a copy of Mr. Sandoval's Response to the Show Cause Order on August 6, 2009, but was unaware that the court had not also received a copy until its receipt of the district court's Order of Dismissal. The government attached a copy of Mr. Sandoval's Response for the district court's consideration.

On August 28, 2009, the district court entered an Amended Order of Dismissal in which the court discussed Mr. Sandoval's Response. In his Response, Mr. Sandoval alleged that he did not have actual knowledge of the one-year statute of limitations. He also argued that the limitations period was

unconstitutional and that the interests of the Navajo Tribe required the district court to consider his § 2255 motion. Having considered and rejected these arguments, the district court again dismissed Mr. Sandoval's § 2255 motion as untimely.

On September 3, 2009, Mr. Sandoval filed a Motion for Relief from Judgment and Rehearing, and on September 14, 2009, he filed a Notice of Appeal and a Motion for COA. On December 3, 2009, the district court explained that it had in fact considered the arguments in Mr. Sandoval's Response when it entered its Amended Order of Dismissal and, therefore, it denied his Motion for Relief from Judgment and Rehearing.[1] In response, Mr. Sandoval filed another Notice of Appeal on December 11, 2009, and requested leave to proceed IFP. On December 29, 2009, the district court denied Mr. Sandoval's request to proceed IFP because he had not identified the existence of a reasoned, nonfrivolous argument on appeal. On February 16, 2010, Mr. Sandoval filed with this court his Application for COA, his Opening Brief, and his Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees.

## II. Analysis

A defendant may not appeal the district court's denial of a § 2255 petition without first obtaining a COA from this court. 28 U.S.C. § 2253(c)(1)(B). We in

---

[1] However, the district court never ruled on Mr. Sandoval's Motion for a COA. Because the district court did not rule on whether to grant Mr. Sandoval a COA, we assume it was denied.

turn may only issue a COA where "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To overcome this hurdle, Mr. Sandoval must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009); *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008).

"If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage*, 534 F.3d at 1281 (quoting *Slack*, 529 U.S. at 484). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Unless we grant a COA, we lack jurisdiction to resolve the merits of a habeas appeal. *Miller-El*, 537 U.S. at 342.

Mr. Sandoval's § 2255 motion presents a situation "where a plain procedural bar is present," *Slack*, 529 U.S. at 484, and consequently, the district court did not err in dismissing his motion. Section 2255 motions have a one-year

4

limitations period. 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall

apply to a motion under this section. The limitation period shall run from . . . the

date on which the judgment of conviction becomes final."). "A movant must

generally file a § 2255 motion within one year from the date [his] conviction

becomes final." *United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006).

"In the context of the one-year limitation period for filing a § 2255 motion, a

criminal conviction becomes final when the Supreme Court affirms it on direct

review, denies certiorari, or (in the absence of a certiorari petition) the time for

filing a certiorari petition expires." *United States v. Prows*, 448 F.3d 1223, 1227

(10th Cir. 2006). However, Mr. Sandoval did not file a direct appeal of his

conviction or sentence. "If the defendant does not file an appeal, the criminal

conviction becomes final upon the expiration of the time in which to take a direct

criminal appeal." *Id.* at 1227–28. The district court entered judgment on Mr.

Sandoval's conviction on April 25, 2007; therefore, under the version of the

Federal Rules of Appellate Procedure in effect prior to the 2009 Amendments,

Mr. Sandoval's judgment became final, ten days later, excluding Saturdays,

Sundays, and legal holidays, on May 10, 2007. *See* Fed. R. App. P. 4(b)(1)(A)(i);

*id.* at 26(a)(2).[2] However, he did not file his § 2255 motion until over two years

---

[2]     The 2009 Amendments to the Federal Rules of Appellate Procedure
extended the time to appeal a final judgment in a criminal case from ten to
fourteen days and removed the provision that excluded intermediate Saturdays,
Sundays, and legal holidays from the count. *See* Fed. R. App. P. 4 advisory

(continued...)

5

later on July 13, 2009.

While there are dates other than the date when the judgment of conviction becomes final that conceivably could trigger the running of the one-year statute of limitations for § 2255 motions, *see* 28 U.S.C. § 2255(f)(2-4), Mr. Sandoval has failed to demonstrate that any of these alternative trigger dates apply to his case. On appeal, in both his Opening Brief and his Application for COA, Mr. Sandoval does not address the district court's reasoning for dismissing his motion as untimely.[3] Instead, Mr. Sandoval focuses on the substantive arguments he made

---

[2](...continued)
committee's notes to 2009 Amendments ("The times set in the former rule at 10 days have been revised to 14 days."); Fed. R. App. P. 26 advisory committee's note to 2009 Amendments ("Under new subdivision (a)(1), all deadlines stated in days (no matter the length) are computed in the same way. The day of the event that triggers the deadline is not counted. All other days—including intermediate Saturdays, Sundays, and legal holidays—are counted, with only one exception: If the period ends on a Saturday, Sunday, or legal holiday, then the deadline falls on the next day that is not a Saturday, Sunday, or legal holiday.").

[3]    Before the district court, Mr. Sandoval argued that his § 2255 motion should not be dismissed as untimely because he did not have actual knowledge of the one-year statute of limitations, the limitations period was unconstitutional, and the interests of the Navajo Tribe required the district court to consider his § 2255 motion. None of these arguments are persuasive. First, ignorance of the limitation period does not excuse an untimely motion. "[I]t is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted); *accord Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Second, contrary to Mr. Sandoval's contention, the limitation period does not violate the Constitution. *See United States v. Keebler*, 49 F. App'x 267, 269 (10th Cir. 2002) (explaining that the one-year limitation on filing a § 2255 motion does not violate the Suspension Clause); *accord Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) ("'[T]he remedy afforded by
(continued...)

in his original § 2255 petition, specifically that his counsel was constitutionally ineffective because he failed to file a direct appeal as requested and because he failed to inform the district court that Mr. Sandoval needed an interpreter for the plea proceedings.[4]  Therefore, Mr. Sandoval has failed to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  Consequently, we deny his request for a COA.

Finally, we agree with the district court that Mr. Sandoval is not entitled to proceed IFP because he has failed to identify "'the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir.

---

[3](...continued)
§ 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion.'" (quoting *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997))); *cf. Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998) (holding that the one-year limitation on filing a § 2254 petition did not violate petitioner's rights under Suspension Clause).  Finally, Mr. Sandoval's argument concerning the Navajo Tribe has no relevance to whether or not his motion was timely filed.  And we have repeatedly held that "equitable [tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh*, 223 F.3d at 1220.  Mr. Sandoval made no attempt to show that his delay in filing his § 2255 motion was beyond his control, nor that he had been diligently pursuing his claims.

[4]      In support of these arguments, Mr. Sandoval has also filed a motion to supplement the record before us.  Because we agree with the district court that his § 2255 petition is time-barred, we deny his motion to supplement the record as moot.

1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)).

For the foregoing reasons, we **DENY** Mr. Sandoval's request for a COA and **DISMISS** the appeal.  We also **DENY** Mr. Sandoval's motion to proceed IFP.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge