FILED
United States Court of Appeals
Tenth Circuit

July 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WAYNE A. SMALL,

   Petitioner-Appellant,

v.

KEVIN MILYARD; JOHN SUTHERS,
The Attorney General of the State of
Colorado,

   Respondents-Appellees.

No. 12-1104
(D.C. No. 1:10-CV-01014-WJM)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL**, and **HOLMES**, Circuit Judges.

  Wayne A. Small seeks a certificate of appealability (COA) to challenge the

district court's order denying his "28 U.S.C. § 2254, Rule 60(b) Petition." We

DENY a COA and DISMISS this appeal.

**BACKGROUND**

  Mr. Small is serving a twenty-four year sentence after being convicted in two

cases in Colorado state court on charges of second degree burglary, attempted second

degree burglary, and possession of burglary tools. In 2010, he filed a petition for

---

[*]  This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

habeas relief in federal district court, arguing that the state court erroneously denied his postconviction petition, and that he received ineffective assistance of trial and appellate counsel. Later, Mr. Small added claims that (1) the prosecutor improperly used a peremptory challenge during jury selection and committed misconduct during closing arguments; (2) his cases should not have been consolidated; and (3) a jury, rather than the trial judge, should have determined whether he was an habitual offender for sentencing purposes.

In March 2011, the district court dismissed Mr. Small's ineffective-assistance-of-appellate-counsel claim as procedurally barred, and it dismissed Mr. Small's challenge to the denial of his state postconviction motion because it was based solely on state law. In July 2011, the district court denied the remainder of Mr. Small's habeas claims on the merits. Mr. Small unsuccessfully sought reconsideration, but did not appeal.

Six months after the district court denied reconsideration, Mr. Small filed in the district court a document entitled "28 U.S.C. § 2254, Rule 60(b) Petition." Therein, his arguments are difficult to decipher,[1] but appear to be that (1) his trial counsel committed "misconduct" by "conceal[ing]" from him an untimely motion to "collaterally attack" his status as an habitual offender, R. at 494; (2) the trial court violated his due-process rights by not continuing a pre-trial hearing conducted by "a

---

[1]    Although we must construe a pro se litigant's arguments liberally, he must still adequately brief his position because we will not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

retired judge of the Supreme Court whom [sic] no longer possessed the creditials [sic] to arbitrate a case," *id.* at 495; (3) the state postconviction court committed "misconduct" by "intentionally mean[ing] to deter or misdirect [him]" by not "mak[ing] its ruling based on findings of facts and conclusion[s] of law," *id.* at 497; and (4) an assistant attorney general "committ[ed] an act of fraud" by filing an untimely appellate brief in the state postconviction proceedings, *id.* at 498.

The district court denied the "28 U.S.C. § 2254, Rule 60(b) Petition." In doing so, it attempted a variety of interpretations of the muddled document. The court first viewed it as an "attempt[ ] to reargue his claims" in the absence of extraordinary circumstances warranting reconsideration under Rule 60(b). *Id.* at 508. Next, the court suggested that Mr. Small's claims of fraud and misconduct in the state court proceedings should have been raised in the initial motion for reconsideration. Finally, the court stated, "to the extent his claims are successive, this Court lacks jurisdiction." *Id.* (citing *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until this court has granted the required authorization.")). And it declined to transfer the matter to this court for authorization on the basis that the claims were not brought in good faith.

Within thirty days, Mr. Small filed in the district court an application for a COA, which the district court apparently construed as a notice of appeal. It did not,

however, grant a COA, and it denied leave to proceed on appeal in forma pauperis (IFP).

Mr. Small now seeks a COA and IFP status from this court.

## DISCUSSION

To obtain a COA, Mr. Small must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But when the district court's decision rests on procedural grounds, such as a determination that a pleading presents unauthorized second or successive habeas claims, "the applicant faces a double hurdle." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). Specifically, the applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

"It is not unusual for defendants who have failed to obtain relief in federal habeas proceedings to attempt to bring new habeas claims in the guise of Rule 60(b) motions." *In re Pickard*, ___ F.3d ___, Nos. 11-3030, 11-3031, 2012 WL 2236616, at *3 (10th Cir. June 18, 2012). To determine whether Mr. Small's "28 U.S.C. § 2254, Rule 60(b) Petition" presents true Rule 60(b) arguments or whether it attempts to secure another round of federal-habeas proceedings, we must ascertain

- 4 -

> whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself. A pleading asserting a new ground for relief from the state judgment is advancing a new claim and is therefore treated as a successive [petition].

*United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (quotation omitted).

In other words, a 60(b)-labeled argument should be treated as a second or successive § 2254 claim "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). But an argument should not be treated as a successive § 2254 claim if it "challenges only a procedural ruling of the habeas court" or "a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id*. at 1216.

Our review of the "28 U.S.C. § 2254, Rule 60(b) Petition" reveals that it is entirely an attempt to assert unauthorized second or successive habeas claims. By alleging misconduct and other improprieties in the state court, Mr. Small is attacking the validity of the state-court proceedings and his conviction or sentence. Such an attack does not fall under Rule 60(b). *Cf. id.* at 1216 (stating that a second or successive claim includes, for example, assertions that there was "fraud on the state court" or that "fraud . . . tainted the initial conviction or direct appeal"). Indeed, the "28 U.S.C. § 2254, Rule 60(b) Petition" neither challenges a procedural ruling of the federal habeas court nor alleges "fraud or [some] other defect in the integrity of the

federal habeas proceeding." *Id.* at 1216.  Thus, we disagree with the district court's alternative 60(b) constructions of the petition.  Consequently, insofar as the district court treated the petition as having any true Rule 60(b) components, we vacate those portions of the court's order for lack of jurisdiction.  *See id*. at 1219.

Mr. Small's application for a COA does not address the district court's order denying his "28 U.S.C. § 2254, Rule 60(b) Petition."  He merely re-argues the substance of his ineffective-assistance-of-counsel claims, and he fails to demonstrate that reasonable jurists could debate the procedural conclusion that his petition asserts unauthorized second or successive claims.[2]

Nor has he demonstrated any debatability in the district court's decision to not transfer the "28 U.S.C. § 2254, Rule 60(b) Petition" to this court.  When a prisoner files a second or successive habeas petition without first obtaining authorization from the court of appeals, the district court has two options:  dismiss the petition for lack of jurisdiction or transfer it to the court of appeals if it is in the interest of justice. *See Cline*, 531 F.3d at 1252-53.  Reasonable jurists could conclude that Mr. Small's claims were not made in good faith given that he had already been denied habeas relief, both initially and on reconsideration, and thus, he "should have realized that the forum in which he . . . filed [his second or successive claims] was improper." *In*

---

[2]     Insofar as Mr. Small is attempting to directly appeal from the denial of his initial habeas petition, he has not timely appealed.  *See* Fed. R. App. P. 4(a)(4)(A).

*re Cline*, 531 F.3d at 1252 (quotation omitted). A transfer is generally not in the interest of justice unless the claims are brought in good faith. *See id.* at 1251-52.

## CONCLUSION

The district court's order denying Mr. Small's "28 U.S.C. § 2254, Rule 60(b) Petition" is VACATED to the extent any true Rule 60(b) claims were found to exist. Mr. Small's application for a COA is DENIED and this appeal is DISMISSED. Finally, Mr. Small's request for leave to proceed in forma pauperis is DENIED.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk