FILED
United States Court of Appeals
Tenth Circuit

July 31, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID R. THOMAS,

     Petitioner - Appellant,

v.

JUSTIN JONES, Director DOC,

    Respondent - Appellee.

No. 13-5012
(D.C. No. 4:12-CV-00429-TCK-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

David R. Thomas, an Oklahoma state prisoner proceeding pro se,[1] was

twice convicted of four counts of manslaughter over twenty years ago. After the

first conviction was vacated, he was re-tried by a new jury and received a

sentence that was forty years greater than his first sentence. Almost two decades

later, he unsuccessfully sought post-conviction relief in state court and then

---

[*]     This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]     Because Mr. Thomas is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.
Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

initiated the instant habeas action under 28 U.S.C. § 2254, seeking relief in federal court. The district court denied Mr. Thomas's petition as time-barred and denied him a certificate of appealability ("COA"). Mr. Thomas now seeks a COA from our court so that he may challenge the dismissal of his habeas petition. He has also filed a motion to proceed *in forma pauperis* ("IFP"). We deny Mr. Thomas's request for a COA, deny his request to proceed IFP, and dismiss this matter.

# I

In the late 1980s, Mr. Thomas was convicted by a jury of four counts of first-degree manslaughter and was sentenced to four consecutive fifteen-year terms of imprisonment. He successfully appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") reversed the judgment and sentence and remanded for a new trial. At the new trial, a jury again found Mr. Thomas guilty of all four counts of first-degree manslaughter. The second time around, however, the trial court sentenced him to four consecutive *twenty-five* year terms of imprisonment. On direct appeal, the OCCA affirmed this judgment and sentence in an unpublished summary opinion, filed December 17, 1993.

Eighteen years later, Mr. Thomas sought post-conviction relief in state court. The state trial court denied Mr. Thomas relief and the OCCA affirmed. Shortly thereafter, Mr. Thomas brought the instant petition under 28 U.S.C.

§ 2254 in federal district court.[2]  Respondent filed a motion to dismiss, asserting that the petition was time-barred.  The district court agreed that Mr. Thomas's petition was time-barred and dismissed it with prejudice.  The district court also denied Mr. Thomas a COA.

## II

Mr. Thomas now seeks a COA from our court,[3] asserting only the merits argument from his habeas petition—specifically, that the increased sentence he received after his second trial was an illegal sentence under *North Carolina v. Pearce*, 395 U.S. 711 (1969).  He does not address, let alone challenge, the

---

[2]      Mr. Thomas first filed his petition in the United States District Court for the Western District of Oklahoma on June 21, 2012.  Finding that the Northern District of Oklahoma was actually the proper district, the district court transferred the case to the United States District Court for the Northern District of Oklahoma.  Mr. Thomas did not object to the transfer.

[3]      Although Mr. Thomas's notice of appeal was initially docketed as filed out of time, he has successfully demonstrated under the "mailbox rule" that he deposited the notice in the legal mail system on time.  *See* Fed. R. App. P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal . . . the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule."); *Marsh v. Soared*, 223 F.3d 1217, 1218 & n.1 (10th Cir. 2000) ("Liberal application of the mailbox rule, causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed." (citation omitted)); *see also Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) ("We have already extended this mailbox rule . . . to a state prisoner's filing of a habeas petition under 28 U.S.C. § 2254." (citation omitted)).  We therefore find that his notice was timely filed. *Cf. Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007) ("By alleging that he used the legal mail system and filing a copy of the prison's legal mail log with this court, [the petitioner] has satisfied his obligation to prove timely use of the legal mail system.").

3

district court's determination that his petition was untimely.

## A

"[A] state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of . . . arises out of process issued by a State court.'" *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (quoting 28 U.S.C. § 2253(c)(1)(A)); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) ("Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . . ."). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted); *accord Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting 28 U.S.C. § 2253(c)(2)). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris*, 642 F.3d at 906 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

"If the application was denied on procedural grounds, the applicant faces a double hurdle." *Coppage*, 534 F.3d at 1281. This is because when there has been such a denial "a COA should issue only when the prisoner shows that 'jurists of

4

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Sigala v. Bravo*, 656 F.3d 1125, 1126 (10th Cir. 2011) (quoting *Slack*, 529 U.S. at 484) (emphasis added).

**B**

As set out above, the district court denied Mr. Thomas's petition as time-barred, and Mr. Thomas has not challenged this conclusion in his briefing before us. This failure is fatal to Mr. Thomas's request for a COA; we could deny his request on this ground alone. *See United States v. Sandoval*, 371 F. App'x 945, 948–49 (10th Cir. 2010) (denying the petitioner's request for a COA, where the petitioner "d[id] not address the district court's reasoning for dismissing his motion as untimely" but instead "focuse[d] on the substantive arguments he made in his original [habeas] petition"); *cf. Small v. Milyard*, 488 F. App'x 288, 291 (10th Cir. 2012) (concluding that the petitioner "fail[ed] to demonstrate that reasonable jurists could debate the procedural conclusion that his petition asserts unauthorized second or successive claims" where his "application for a COA d[id] not address the district court's order denying his [petition]" but instead "merely re-argue[d] the substance of his ineffective-assistance-of-counsel claims").

Despite Mr. Thomas's failure to challenge the district court's procedural ruling, in our discretion we have reviewed the substance of this ruling. *Cf.*

5

*Abernathy v. Wandes*, 713 F.3d 538, 552 (10th Cir. 2013). Specifically, we have carefully reviewed Mr. Thomas's combined opening brief and application for a COA, the district court's order, and the entire record under the analytic framework established by the Supreme Court, most notably in *Miller-El* and *Slack*. Based on this review, we conclude that the district court properly found that Mr. Thomas's habeas application was time-barred. Moreover, reasonable jurists could not debate the correctness of this ruling. Mr. Thomas has therefore failed to meet the standard for obtaining a COA.

## III

Accordingly, we **deny** Mr. Thomas's request for a COA, **deny** his motion to proceed IFP, and **dismiss** this matter.

Entered for the Court


JEROME A. HOLMES
Circuit Judge

6