FILED
United States Court of Appeals
Tenth Circuit

April 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TOMMY KINGYON,

              Petitioner-Appellant,

v.

STATE OF KANSAS; REX PRYOR,
Warden, Lansing Correctional
Facility; DEREK SCHMIDT, Attorney
General of the State of Kansas,[*]

              Respondents-Appellees.

No. 13-3288
(D.C. No. 5:12-CV-03038-SAC)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Kansas state prisoner Tommy Kingyon, appearing pro se,[1] requests a

certificate of appealability ("COA") to challenge the district court's denial of his

---

[*]      Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Rex Pryor is automatically substituted for David R. McKune as Respondent, and Derek Schmidt is automatically substituted for Steve Six as Respondent.

[**]      This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]      Because Mr. Kingyon proceeds pro se, we afford his filings a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

petition for a writ of habeas corpus under 28 U.S.C. § 2254. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we **deny** Mr. Kingyon a COA and **dismiss** this matter.

## I

Following a jury trial in Wyandotte County, Kansas, Mr. Kingyon was convicted of unlawful firearm possession, felony theft, aggravated assault, felony murder, aggravated battery, and aggravated robbery. *See State v. Johns*, 699 P.2d 538, 539 (Kan. 1985). "[H]e was sentenced on October 10, 1984, to 'Life, plus,'" and the Kansas Supreme Court affirmed his conviction on May 10, 1985. R. at 24 (Order, filed Apr. 10, 2012).

On July 15, 2009, Mr. Kingyon filed a post-conviction motion attacking his sentence under Kan. Stat. Ann. § 60-1507, which the state district court summarily denied as untimely. *See id.* at 21 (Mem. Op., filed May 20, 2011). Noting that Mr. Kingyon should have filed for such relief sooner than "some 24 years after the Supreme Court's ruling" on his conviction, the Kansas Court of Appeals affirmed the state district court in May 2011. *Id.* at 22; *see generally* Kan. Stat. Ann. § 60-1507(f)(1)(I) (requiring such "action . . . [to] be brought within one year of . . . [t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction"). The Kansas Supreme Court subsequently denied Mr. Kingyon's petition for review.

2

On February 1, 2012, Mr. Kingyon filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in federal district court. He sought relief on four grounds: (1) an "[i]ntervening change" to Kansas's felony-murder statute; (2) the admission of trial testimony elicited from a cooperating government witness; (3) the state district court's alleged failure to ensure his timely access to the presentence investigation report; and (4) the state district court's denial of his post-conviction motion without holding an evidentiary hearing or appointing counsel. R. at 7 (Pet. for Writ of Habeas Corpus, filed Feb. 1, 2012). The district court issued an order on April 10, 2012, concluding that Mr. Kingyon's petition was time-barred. However, the court granted Mr. Kingyon thirty days to allege facts sufficient to demonstrate that the matter should not be dismissed for untimeliness.

Mr. Kingyon responded to the district court's order through a self-styled "petition to show cause" wherein he asserted that his habeas application should be reviewed in light of "exceptional circumstance[s,] . . . manifest injustice, newly discovered evidence," and "intervening changes in law." *Id.* at 31 (Pet. to Show Cause, filed May 1, 2012) (capitalization altered). The district court determined that this was not a sufficient showing to defeat the procedural bar and dismissed his filings on March 6, 2013. Within a week, Mr. Kingyon asked the court to

3

reconsider its prior ruling in another self-styled petition.[2]  After reviewing Mr.

Kingyon's reconsideration request, the district court denied it on November 12,

2013.

On November 18, 2013, Mr. Kingyon contemporaneously filed his notice of

appeal and a "motion for appointment of amici curiae counsel."  The district court

construed the latter filing as a motion to appoint counsel and denied it the next

day.  In the same order, the district court declined to issue a COA.  Mr. Kingyon

renews these requests before us.

## II

## A

"[A] state prisoner must obtain a COA to appeal the denial of a habeas

petition . . . whenever 'the detention complained of [in the petition] arises out of

process issued by a State court.'"  *Montez v. McKinna*, 208 F.3d 862, 867 (10th

Cir. 2000) (second alteration in original) (quoting 28 U.S.C. § 2253(c)(1)(A)); *see

also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) ("Before an appeal may

be entertained, a prisoner who was denied habeas relief in the district court must

first seek and obtain a COA . . . .").  We will issue a COA "only if the applicant

---

[2]     Although no order has been entered by a federal magistrate judge in
his case, Mr. Kingyon titled this document a "Motion for a Stay of Magistrate
[Judge]'s Order."  The district court properly analogized his filing to a motion to
alter or amend a judgment under Federal Rule of Civil Procedure 59(e).  *See
Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3
(10th Cir. 2002).

4

has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, the applicant is required to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

When the district court denies habeas relief on procedural grounds, "the applicant faces a double hurdle."  *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008).  Specifically, the applicant must establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Sigala v. Bravo*, 656 F.3d 1125, 1126 (10th Cir. 2011) (emphasis added) (internal quotation marks omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Slack*, 529 U.S. at 484.

**B**

We have no cause to believe that reasonable jurists would debate the district court's conclusion that Mr. Kingyon's petition is time-barred.  The court

5

referenced the statute of limitations applicable to his habeas filing—i.e., a one-year period running—as seemingly pertinent here—from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, because Mr. Kingyon's conviction became final before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the district court noted that he received a one-year grace period within which to file his petition. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (stating that such a limitations period begins on April 24, 1996). The district court also observed that AEDPA's limitations period is tolled during the pendency of "properly filed application[s] for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), and, in "extraordinary circumstances," for equitable purposes, *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Thus, the district court correctly concluded, absent any applicable tolling, Mr. Kingyon should have filed his habeas petition prior to April 24, 1997. No state post-conviction filings were pending between April 24, 1996 and April 24, 1997. In fact, the only such motion Mr. Kingyon filed had no tolling effect because the filing date postdated AEDPA's limitations period by several years. Mr. Kingyon is consequently not entitled to statutory tolling on this basis.

Further, the district court properly determined that Mr. Kingyon has failed to show that any other statutory factors—aside from the finality of the judgment

6

on direct review—would have affected the start of the limitations clock. In other words, Mr. Kingyon has alleged no facts demonstrating (1) that the State impeded his filing; (2) that his case involves a right "newly recognized by the Supreme Court and made retroactively applicable" on collateral review; or (3) that he could only have discovered the "factual predicate" of his claims at a later date. *See* 28 U.S.C. §§ 2244(d)(1)(B)–(D). All facts and legal issues germane to his claims have been known to him since 1984. Thus, sweeping statements of "newly discovered evidence" and "manifest injustice," without more, cannot defeat the district court's well-reasoned opinion in this regard. *Cf. Clark v. Uchtman*, 221 F. App'x 765, 767 (10th Cir. 2007) (reaching a similar conclusion when the petitioner could cite no "new" rule of constitutional law or "new" evidence).

Mr. Kingyon's arguments also do not justify equitable tolling, which requires a litigant to make clear "(1) that he has been pursuing his rights diligently, and (2) that some [articulable] extraordinary circumstance stood in his way." *Sigala*, 656 F.3d at 1128 (internal quotation marks omitted). "[G]arden variety claim[s] . . . [are] not enough" in this context. *Id.* (internal quotation marks omitted). The district court ascertained no facts supporting a finding that Mr. Kingyon diligently pursued his rights or that *any* circumstances precluded him from meeting AEDPA's one-year deadline. We, too, conclude that no tolling is warranted and consequently agree that his habeas petition is time-barred.

7

Mr. Kingyon has not *meaningfully* challenged the district court's procedural conclusion in his briefing before us. Panels of our court have previously determined that such a failure vitiates an application for a COA. *See Thomas v. Jones*, 530 F. App'x 794, 797 (10th Cir. 2013); *see also Small v. Milyard*, 488 F. App'x 288, 291 (10th Cir. 2012) (concluding that a habeas petitioner failed to clear *Coppage*'s "double hurdle" where his application "merely re-argue[d] the substance" of claims asserted below). Nonetheless, even construed liberally, Mr. Kingyon's purported procedural "challenges" are meritless.

First, Mr. Kingyon contends that he "[met] the *Barefoot* standard as to the procedural question." Aplt. Combined Br. at 2. *Barefoot v. Estelle* lends him no succor regarding the procedural hurdle; it speaks to standards governing the adjudication of the merits, establishing that a habeas petitioner must make a substantial showing of the denial of a federal right, not a showing that he would prevail on the merits of his claims. 463 U.S. 880, 893 (1983), *superseded on other grounds by statute*, 28 U.S.C. § 2253(c)(2). Next, Mr. Kingyon argues that due process requires our "plenary review" when a state court has reached the merits of an issue. Aplt. Combined Br. at 3. Setting aside the fundamental factual defect of this argument—that is, the fact that the Kansas state courts did *not* address the merits of his claims—this argument misstates the law. In determining whether a COA should issue, we do not undertake a "full consideration of the factual or legal bases adduced" by the petitioner. *Miller-El*,

8

537 U.S. at 336. To do so would "in essence [be] deciding an appeal without jurisdiction." *Id.* at 337.

Mr. Kingyon also claims that the district court's invocation of the one-year procedural bar is "a laches argument," which he submits "must be plead[ed] in a party's responsive pleadings and not [by] the court." Aplt. Combined Br. at 5. To the extent that Mr. Kingyon argues that the State of Kansas may waive AEDPA's *exhaustion* requirement, he overlooks the fact it must do so "expressly." *DeRosa v. Workman*, 679 F.3d 1196, 1208 (10th Cir. 2012), *cert. denied*, --- U.S. ----, 133 S. Ct. 1645 (2013); *see* 28 U.S.C. § 2254(b)(3). With no indication that the State has taken this step, Mr. Kingyon's argument must fail.

Mr. Kingyon's remaining challenges to the district court's judgment are basic disagreements with various judicial dispositions that do not pertain to timeliness. Indeed, throughout his lawsuit, Mr. Kingyon has reurged a slew of seemingly unfounded arguments: (1) that Kansas courts lacked jurisdiction over his case; (2) that he was convicted of violating an "unconstitutional" statute; (3) that his imprisonment violates the Thirteenth Amendment; (4) that he was wrongfully denied hearings; and (5) that "extraordinary circumstances" justify relief. These attacks on his confinement lack evidentiary support and certainly do not show that reasonable jurists could debate the district court's *procedural* resolution of this matter.

Ultimately, though the district court need not have addressed the merits of Mr. Kingyon's petition, it did so in unassailable fashion. We find it pellucid that jurists of reason could not debate the correctness of the court's conclusion that Mr. Kingyon's petition contains only a "restatement of claims, rehashing of arguments, and disagreement with [prior judicial] findings." R. at 70 (Order, filed Nov. 12, 2013). Importantly, to prevail *here*, Mr. Kingyon must show that reasonable jurists could debate the validity of his claims *and* the district court's procedural ruling. This he has not done; as such, the issuance of a COA is not appropriate.

### III

Finally, Mr. Kingyon has no constitutional right to counsel beyond his direct appeal, and "generally appointment of counsel in a § 2254 proceeding is left to the [district] court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Mr. Kingyon has not established that the district court abused its discretion in denying his motion for counsel, particularly given the meritlessness of his petition. *See Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 861 (10th Cir. 2005) (upholding a refusal to appoint counsel where a habeas petitioner's claims were meritless). He has not *shown*—beyond groundless averments of manifest injustice—that denial of counsel would "result in fundamental unfairness." *See Long v. Shillinger*, 927

F.2d 525, 527 (10th Cir. 1991) (internal quotation marks omitted).  As a result, he is not entitled to court-appointed counsel.

## IV

For the foregoing reasons, we **DENY** Mr. Kingyon's request for a COA and **DISMISS** this matter.

Entered for the Court


JEROME A. HOLMES
Circuit Judge