FILED
United States Court of Appeals
Tenth Circuit

July 11, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIEL G. MELINA,

      Petitioner - Appellant,

v.

WILLIAM POLLARD, Warden;
CYNTHIA H. COFFMAN, The Attorney
General for the State of Colorado,

      Respondents - Appellees.

No. 16-1067
(D.C. No. 1:14-CV-00637-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Daniel G. Melina, a Colorado prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254

application as untimely filed. We decline to issue a COA and thus dismiss this

appeal.

**BACKGROUND**

After a Colorado state-court jury convicted Melina of criminal solicitation, the

court sentenced Melina to 96 years' imprisonment. On June 25, 2007, after granting

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

certiorari, the Colorado Supreme Court affirmed his conviction. After this, Melina neither filed a petition for rehearing with the Colorado Supreme Court nor a writ of certiorari with the United States Supreme Court.

On July 24, 2008, Melina moved for post-conviction relief under Colo. R. Crim. P. 35. The state district court denied Melina's motion, and the Colorado Court of Appeals affirmed the denial. On December 9, 2013, the Colorado Supreme Court denied Melina's petition for writ of certiorari.

On February 27, 2014, Melina filed in federal district court an application for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the application as untimely and dismissed Melina's application. Melina argues the district court erred because Colo. R. App. P. 40(a), which allows a petition for rehearing to be filed within 14 days after a decision by the Colorado Supreme Court, tolled the statute of limitations during that 14-day period. Melina contends this 14-day tolling period must run before the time for filing a petition for writ of certiorari with the United States Supreme Court begins to run.

**DISCUSSION**

**1. Melina's Notice of Appeal is Timely**

We must first determine whether we have jurisdiction to review Melina's claims on appeal. *See W. Ins. Co. v. A and H Ins., Inc.*, 784 F.3d 725, 727–28 (10th Cir. 2015) ("[W]e must first determine whether we have appellate jurisdiction."). A notice of appeal in a civil case must be filed with the district clerk within 30 days of entry of the judgment or order from which the appeal is taken. Fed. R. App. P. 4(a).

2

This 30-day time limit is "mandatory and jurisdictional." *Vanderwerf v. Smithkline Beecham Corp.*, 603 F.3d 842, 846 (10th Cir. 2010) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988)).

On January 29, 2016, the district court entered its judgment denying a COA. On February 26, 2016, Melina placed his notice of appeal in the prison mailbox, postage prepaid. Unfortunately, he addressed this mailing to this court for filing. On March 3, 2016, we received the notice of appeal, and forwarded it to the district court. Fed. R. App. P. 4(d) ("If a notice of appeal . . . is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk."). The district court filed the notice of appeal the same day.

Because more than 30 days had elapsed from the district court's order denying a COA until filing of the notice of appeal, we issued an order to show cause why we should not dismiss Melina's appeal. Because Melina's statements in response to the order to show cause satisfy the prison mailbox rule, *see* Fed. R. App. P. 4(c), we conclude that Melina had filed his notice of appeal within the required time and that we have jurisdiction to consider Melina's appeal. *See Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005) ("[A] *pro se* prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents."); *see also Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007) (unpublished) (combining prison mailbox rule and misdirected filing to establish timely filing).

3

## 2. Melina's Application is Time-barred

In considering the merits of Melina's appeal, we construe his pro se pleadings liberally, but we do not serve as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). To appeal the district court's dismissal, Melina must first obtain a COA. We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And where, as here, a district court dismisses a § 2254 petition on procedural grounds, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, we do not believe that reasonable jurists would debate the district court's conclusion that Melina's petition is time-barred. The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period for habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year limitation period begins to run from the date on which a judgment becomes final. *Id.* § 2244(d)(1)(A); *Jiminez v. Quarterman*, 555 U.S. 113, 115 (2009). A judgment becomes final under § 2244(d)(1)(A) when the time for seeking certiorari review in the United States Supreme Court expires. *Jiminez*, 555 U.S. at 115. The limitations period is tolled during the pendency of a state application for post-conviction relief properly filed during the limitations period. 28 U.S.C. § 2244(d)(2).

Here, the time for seeking certiorari review in the United States Supreme Court expired on September 24, 2007—90 days after the Colorado Supreme Court affirmed Melina's conviction. *See* Sup. Ct. R. 13 ("a petition for a writ of certiorari

4

to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment."); *see also Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000) ("Because [the petitioner] did not file a petition for certiorari to the United States Supreme Court, the one-year period of limitation started to run ninety days after . . . his state court review was thus completed."). Melina waited until July 24, 2008, 303 days after the judgment became final, to file his post-conviction motion with the Colorado state court. Once Melina filed his post-conviction motion, the statute of limitations was tolled until December 9, 2013, when the Colorado Supreme Court denied Melina's petition for writ of certiorari. Melina waited another 80 days to file his habeas corpus application in the district court. Thus, Melina filed his habeas corpus application 383 days after the Colorado Supreme Court's judgment became final.[1]

Melina does not dispute taking 383 days to file his habeas corpus application. Instead, he argues that he is entitled to an additional 14-day tolling period during the time in which he could have petitioned the Colorado Supreme Court for rehearing. Under Colo. R. App. P. 40(a), a defendant may file a petition for rehearing within 14 days after entry of judgment by the Colorado Supreme Court.[2] We have previously

---

[1] There is confusion concerning whether the prison mailbox rule would deem the post-conviction motion filed on July 20, 2008 instead of July 24, 2008. We refrain from addressing this issue because Melina's application was still untimely even if the prison mailbox rule applied.

[2] Melina could not seek rehearing of the denial of certiorari by the Colorado Supreme Court on his post-conviction proceeding. *See* Colo. R. App. P. 40(c)(3)

5

recognized that the "time allowed for appeals tolls the AEDPA limitations period, including the time for filing a motion for rehearing, even if no such filing is made." *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004).[3]

But this 14-day period runs concurrently with the 90 days in which Melina could seek certiorari review in the United States Supreme Court. Both tolling periods started after the Colorado Supreme Court affirmed Melina's conviction. *See* Sup. Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed . . . . "). Thus, the 14-day period to file a petition for rehearing was subsumed by the 90-day statutory tolling period. *See Mills v. McKune*, 186 F. App'x 828, 830–31 (10th Cir. 2006) (twenty-day period to file a petition for rehearing was subsumed by ninety-day tolling period). Because Melina failed to file his habeas corpus application within the required statute of limitations, no reasonable jurists might debate the district court's conclusion that Melina's petition is time-barred.

---

("No petition for rehearing may be filed after issuance of an order denying a petition for writ of certiorari.").

[3] Because Melina loses even with the time allowed by *Serrano*, we need not await the Supreme Court's action on a case that might undo *Serrano*. *See* Petition for Writ of Certiorari in *Scarber v. Palmer*, No. 15-1174, 2016 U.S. S.Ct. Briefs LEXIS 1313 (Mar. 18, 2016). Here, whether Melina is entitled to the 14-day period despite not having filed a petition for rehearing on direct appeal doesn't matter since either way his present petition is time-barred. Thus, we need not decide whether the AEDPA limitations period should be tolled when no petition for rehearing is filed.

**CONCLUSION**

We DENY Melina's application for a COA and DISMISS the appeal. Melina's motion to proceed in forma pauperis is DENIED.

Entered for the Court

Gregory A. Phillips
Circuit Judge