**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ERIC LAMONT JOHNSON,

      Defendant-Appellant.

No. 09-2024
(D.C. No. 1:03-CR-00477-MV-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McKAY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

Eric Lamont Johnson entered a guilty plea on October 21, 2004, to possession of a firearm during or in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Prior to sentencing, he filed a pro se motion to withdraw his plea, which the district court denied. In 2006, he

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

requested a mental competency evaluation, which was completed in 2008. Following a hearing, the district court determined that Mr. Johnson was competent at the time he entered his guilty plea in 2004, as well as at the time of the hearing. Accordingly, the court proceeded with sentencing, and imposed a sentence of 180 months in prison. Mr. Johnson challenges his conviction, asserting that the district court erred in denying his motion to withdraw his guilty plea and finding him mentally competent. Taking jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

*Background*

On March 11, 2003, Mr. Johnson was charged with being a felon in possession of a firearm, possession with intent to distribute less than 50 kilograms of marijuana, and possession of a firearm during or in relation to a drug trafficking crime. Counsel was appointed to represent Mr. Johnson. Over the course of the proceedings in the district court, Mr. Johnson requested, and was granted, different counsel numerous times. As a result, his trial date was rescheduled several times. Prior to an October 25, 2004, trial date, Mr. Johnson sought permission to proceed pro se. The district court agreed to allow him to proceed pro se, but directed his then-attorney to act as standby counsel. The parties and the court then completed pretrial motions and jury selection. Four days before the trial was set to begin, Mr. Johnson entered a guilty plea to the charge of possession of a firearm during or in relation to a drug trafficking crime,

and the remaining charges were dismissed. On November 16, 2004, prior to sentencing, Mr. Johnson filed a pro se motion to withdraw his plea, which the district court denied on July 22, 2005. Various circumstances intervened to delay sentencing. On March 22, 2006, the attorney then representing Mr. Johnson filed a stipulated motion to evaluate his competency, both at the time he entered his guilty plea in 2004 and at the time of the motion in order to proceed with sentencing. Further delays ensued. Eventually, William Foote, Ph.D., a clinical psychologist, was engaged to evaluate Mr. Johnson's competency. He prepared a report based on interviews with various people and review of numerous documents. He interviewed Mr. Johnson in July of 2008.

A competency hearing was held on December 17, 2008, at which Dr. Foote testified. At the conclusion of the hearing, the district court ruled that Mr. Johnson was competent to enter the guilty plea in 2004 and to proceed with sentencing.

Proceeding through new counsel, Mr. Johnson asserts on appeal that the district court erred in denying his motion to withdraw his plea. He also contends he was effectively denied the assistance of counsel at his competency hearing, thus warranting reversal of his conviction and a new competency hearing.

*Motion to Withdraw Guilty Plea*

"We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion." *United States v. Yazzie*, 407 F.3d 1139, 1142

-3-

(10th Cir. 2005 (en banc) (quotation omitted). "[U]nless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion." *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000) (quotation omitted). Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal." This court has articulated seven factors for a district court to consider when entertaining a motion to withdraw a guilty plea. *Yazzie*, 407 F.3d at 1142.[1] There is no dispute that the district court addressed these factors, and our review of the record has confirmed that the court did so in a thorough and comprehensive order.

Mr. Johnson argues that in denying his motion to withdraw his guilty plea the district court "failed to consider his mental illness." Aplt. Opening Br. at 13. But he does not assert that he placed his mental competency at issue at any time before March 2006, eight months after the district court denied the motion to withdraw the guilty plea. In addition, he does not argue that the district court should have raised the issue sua sponte. We decline to find that the district court

---

[1]   The seven factors are: "(1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources." *Yazzie*, 407 F.3d at 1142 (quotation omitted).

abused its discretion in denying the motion to withdraw the guilty plea where the issue of Mr. Johnson's mental competency was not raised to the district court until well after the motion was denied.

*Denial of Counsel at Competency Hearing*

Although Mr. Johnson was represented by attorney Frederick D. Jones, Jr. at the competency hearing held on December 17, 2008, he contends that Mr. Jones did not "test the government's case in any meaningful way," *id.* at 17. Therefore, he argues that he was effectively denied counsel in violation of the Sixth Amendment.

A defendant has a right to counsel at every critical state of the proceedings; a competency hearing is a critical stage. *United States v. Collins*, 430 F.3d 1260, 1264 (10th Cir. 2005). "The right to the effective assistance of counsel is . . . the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 656 (1984). Consequently, "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *Id.* at 659.

> This Circuit has been reluctant to find constructive denials of counsel, and has found a "complete absence of meaningful adversarial testing only where the evidence 'overwhelmingly established that [the] attorney abandoned the required duty of loyalty to his client,' and where counsel 'acted with reckless disregard for

> his client's best interests and, at times, apparently with the intention
> to weaken his client's case.'" *Turrentine* [*v. Mullin*, 390 F.3d 1181,
> 1208 (10th Cir. 2004)] (quoting *Osborn v. Shillinger*, 861 F.2d 612,
> 624 (10th Cir. 1988)).

*Collins*, 430 F.3d at 1265.

Mr. Johnson asserts that his attorney "hoped to stipulate that Mr. Johnson was competent," Aplt. Opening Br. at 10, thus demonstrating that he was unprepared to proceed with the hearing. In addition, he argues that his attorney could have asked Dr. Foote various questions to demonstrate that Mr. Johnson was not competent at the time he entered a guilty plea.

At the competency hearing, Mr. Johnson's counsel did explain that he and Mr. Johnson had discussed a stipulation as to Dr. Foote's report, but did not reach an agreement. The hearing proceeded, during which counsel cross-examined Dr. Foote, often referring to Dr. Foote's report to question his conclusions of competency. For example, counsel elicited Dr. Foote's opinions that Mr. Johnson was not malingering or exaggerating his symptoms and that Mr. Johnson could be competent one day and not competent the next. R. Vol. 4 at 53-55. In addition, counsel questioned Dr. Foote on Mr. Johnson's past psychotic behaviors, such as suicide attempts and delusions, to suggest that Mr. Johnson was not competent. In response, Dr. Foote conceded that although he believed Mr. Johnson was competent as of his interview in July of 2008, he could not say either way as of the hearing date. Finally, counsel made a closing argument in which he discussed

the evidence and argued that Mr. Johnson was not competent to enter a guilty plea or to proceed to sentencing.

Based on our review of the hearing transcript, we conclude that there was not a complete absence of meaningful adversarial testing, and that Mr. Johnson's counsel neither abandoned his duty of loyalty to his client nor acted with reckless disregard for his client's best interests. Accordingly, we reject Mr. Johnson's claim that he was denied the assistance of counsel at his competency hearing. We express no opinion on whether his counsel provided constitutionally effective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984).

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge