**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 12, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ERIC LAMONT JOHNSON,

        Defendant - Appellant.

No. 12-2184
(D.C. Nos. 1:11-CV-00037-MV-LAM
and 1:03-CR-00477-MV-1)
(D. New Mexico)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **HARTZ**, **EBEL,** and **MURPHY**, Circuit Judges.

This matter is before the court on Eric Johnson's pro se request for a
certificate of appealability ("COA"). Johnson seeks a COA so he can appeal the
district court's denial of his 28 U.S.C. § 2255 motion. 28 U.S.C. § 2253(c)(1)(B).
Because Johnson has not "made a substantial showing of the denial of a
constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and
**dismisses** this appeal.

In March of 2003, a federal grand jury returned an indictment against
Johnson charging him with: (1) being a felon in possession of a firearm;
(2) possessing marijuana with intent to distribute; and (3) possessing a firearm

during or in relation to a drug trafficking offense. Johnson proved unable to work

with counsel.[1] Eventually, acting pro se but with the assistance of stand-by

---

[1]The magistrate judge summarized the proceedings during this period as follows:

> Federal Public Defender Joseph Gandert was appointed to represent Defendant in his criminal case. On August 14, 2003, Mr. Gandert filed a motion to suppress evidence and, on January 27, 2004, the Court held a hearing on the motion and denied the motion on February 25, 2004. On September 24, 2003, Mr. Gandert filed a motion to withdraw as counsel, stating that "[t]he attorney-client relationship has deteriorated to such an extent that defense counsel cannot effectively represent Mr. Eric Johnson in this case." Two days later, Mr. Gandert filed a motion to withdraw his motion to withdraw as counsel, stating that "Defendant, Eric Johnson, has indicated that he wants Joseph W. Gandert, Assistant Federal Public Defender to continue to represent him as counsel in his case." Defendant's trial was set for May 17, 2004 and, on April 21, 2004, Mr. Gandert filed a second motion to withdraw as counsel, stating that "[t]he attorney-client relationship has broken down to such an extent that defense counsel cannot effectively represent Mr. Johnson." The Government opposed the motion, stating that it would be prejudiced by any further delays, especially because one of its witnesses was activated by the National Guard and might be unavailable at a future date. The Court held a hearing on the motion to withdraw as counsel, and entered an order granting the motion. The Court next appointed Douglas Couleur to represent Defendant and rescheduled his trial for August 16, 2004.

> On July 14, 2004, Defendant filed a pro se motion asking that Mr. Couleur be dismissed as his counsel for failing to conduct an investigation Defendant asked him to do, for failing to answer Defendant's phone calls, for failing to discuss a plan for the trial, and for dissuading witnesses from testifying for Defendant at the trial. The Court vacated the trial, held a hearing on the motion, granted the motion, and next appointed Ann Steinmetz to represent Defendant. The Court reset Defendant's trial for October 18, 2004. On

(continued...)

counsel, Johnson pleaded guilty to possessing a firearm during or in relation to a drug trafficking offense. Shortly thereafter, however, Johnson moved to withdraw his guilty plea and for appointment of substitute stand-by counsel. The district court denied Johnson's motion to withdraw his guilty plea. As noted by this court on direct appeal, "[v]arious circumstances intervened to delay sentencing." *United States v. Johnson*, 376 F. App'x 858, 860 (10th Cir. 2010). Those circumstances are set out in detail in the magistrate judge's Report and Recommendation. Suffice to say, competency proceedings and psychological evaluations, coupled with additional changes in counsel, consumed approximately three years. Ultimately, the district court concluded Johnson was competent when he entered his guilty plea and was competent to proceed to sentencing. Finally, in December 2008, the district court sentenced Johnson to a term of imprisonment of 180 months.

This court affirmed the district court's judgment of conviction. *Johnson*, 376 F. App'x at 862. Johnson then filed the instant § 2255 motion, raising ten grounds for relief.[2] The matter was referred to a federal magistrate judge for

---

[1](...continued)
September 22, 2004, at a status conference, Defendant stated that he wanted to proceed pro se, which the Court permitted him to do with Ms. Steinmetz acting as standby counsel.

Report & Recommendation at 2-4 (record citations omitted).

[2]The magistrate judge accurately summarized Johnson's habeas claims as
(continued...)

initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B).  The magistrate judge

recommended that Johnson's § 2255 motion be denied.  Upon de novo review, the

---

[2](...continued)
follows:

> Defendant raises six ineffective assistance of counsel claims: (1) that defense attorney Mr. Gandert failed to investigate the underlying traffic stop that led to Defendant's arrest in order to prepare for Defendant's suppression hearing; (2) that third defense attorney Ms. Steinmetz told Defendant that he would receive a sentence of 60 months and did not tell Defendant that he could be found to be a career criminal; (3) that Ms. Steinmetz failed to make the Court aware that Defendant told her on the day of his plea that he was hearing voices; (4) that fifth defense attorney Mr. Jones failed to file objections to Defendant's presentence report, where the presentence report failed to note that Defendant had not been present at his sentencing for a California conviction, which conviction triggered the career offender enhancement of Defendant's sentence; (5) that Mr. Jones failed to ask certain questions of the psychologist at Defendant's competency hearing regarding Defendant's alleged mental illnesses; and (6) that in the post-conviction motion to correct Defendant's sentence, Mr. Jones failed to state that he and Defendant had spoken to Defendant's California attorney who agreed to sign an affidavit showing that Defendant's conviction in the California case was illegal.  Defendant raises three claims for prosecutorial misconduct: (1) that the prosecutor, Mr. Ortega, incorrectly told Defendant that his sentence would be capped at 60 months; (2) that an unnamed prosecutor tampered with evidence in Defendant's case; and (3) that an unnamed prosecutor interfered with the issue of Defendant's competency at the time of his plea and caused Defendant's counsel at the time, Mr. Romero, to withdraw from representing Defendant.  Finally, Defendant claims that the Court erred by not allowing him to withdraw his guilty plea.

Report & Recommendation at 7-8 (record citations and footnotes omitted).

district court overruled Johnson's objections, adopted the Report and Recommendation, and dismissed with prejudice Johnson's § 2255 motion.

The granting of a COA is a jurisdictional prerequisite to Johnson's appeal from the denial of his § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Johnson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Johnson has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Johnson need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Johnson's appellate filings, the magistrate judge's Report and Recommendation, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Johnson is not entitled to a COA. The district court's resolution of Johnson's § 2255 motion is not reasonably subject to debate and the

-5-

issues he seeks to raise on appeal are not adequate to deserve further proceedings. In so concluding, this court finds it unnecessary, with one small exception, to recapitulate the extensive analysis of Johnson's claims set out in the magistrate judge's Report and Recommendation and the district court's order.

As to Johnson's assertion that an unnamed prosecutor interfered with his ability to retain attorney Joe Romero, we note the following. Neither of the letters from Romero to Billie Ray Bennett support Johnson's assertion of prosecutorial misconduct.[3] As noted by the district court, the letter dated December 29th merely reflects the financial terms upon which Romero agreed to represent Johnson. The January 14th letter reflects Romero's decision to return Johnson's payment:

> Enclosed please find [a check in the amount of $2500]. By this letter I am withdrawing from representing Mr. Johnson . . . at this time. I have learned that my Entry of Appearance would have been contested by the prosecutor in the case and will not be able to represent Mr. Johnson. However, if Mr. Johnson is successful in his motion to withdraw from his plea agreement, I will be able to represent him at trial.

------

[3]It appears that in resolving this claim, the district court only reviewed one of the two supposedly relevant letters. In particular, the district court referred to the material attached to docket entry 30, the brief in support of Johnson's objections to the Report and Recommendation. Dist. Court Order at 13. Unfortunately, in compiling that brief, Johnson appears to have inadvertently included two copies of the letter dated December 29, 2004, while omitting any copy of the letter dated January 14, 2005. Thus, by relying on the documents attached to docket entry 30, the district court resolved this claim without reference to the January 14th letter. Both letters are, however, attached to Johnson's § 2255 motion.

Contrary to Johnson's arguments, this letter does not in any way support a claim of misconduct. Instead, given the procedural history set out above, it is not remotely surprising the government would oppose, in the relevant time frame, yet another attempt on the part of Johnson to change counsel. Thus, as noted by the district court, this particular claim of misconduct is supported by nothing other than self-serving hearsay. The district court appropriately denied collateral relief on the claim.

For those reasons set out above, this court **DENIES** Johnson's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge