FILED
United States Court of Appeals
Tenth Circuit

January 21, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

RADELL BRADFORD,

       Defendant - Appellant.

No. 13-3236
(D.C. Nos. 2:13-CV-02422-JWL &
2:09-CR-20133-JWL-5)
(D. Kan.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TYMKOVICH**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Radell Bradford applies for a certificate of appealability (COA) to secure

review of a district court order dismissing her second or successive motion for relief

under 28 U.S.C. § 2255 for lack of the authorization required by § 2255(h) and

28 U.S.C. § 2244(b)(3).  We deny a COA and dismiss the appeal.

Ms. Bradford pleaded guilty to one count of conspiracy to commit money

laundering under 18 U.S.C. § 1956(h) and received a 98-month sentence.  Her plea

agreement waived her right to appeal, or collaterally challenge, her sentence.  She did

not take a direct appeal, but sometime later filed her first § 2255 motion, which the

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court dismissed as barred by the collateral-challenge waiver in her plea agreement. She later sought authorization to file a second or successive § 2255 motion, which this court denied.

She then filed the instant § 2255 motion, claiming that enhancement of her sentence violated *Alleyne v. United States*, 133 S. Ct. 2151 (2013), that her counsel failed to file a direct appeal as requested, and that the district court should have granted an evidentiary hearing on her first § 2255 motion. The district court dismissed the unauthorized motion for lack of jurisdiction, noting that a transfer of the matter to this court for the authorization required under § 2255(h) and § 2244(b)(3), in lieu of outright dismissal, would not serve the interests of justice because (1) Ms. Bradford was clearly aware of the required authorization procedure, having previously pursued it, but had elected in this case to circumvent it; and (2) her claims did not implicate any grounds for authorization in any event. *See* R. Vol. 1, at 61. Ms. Bradford now seeks a COA in order to appeal that ruling.

"Because the district court's ruling rests on procedural grounds, [Ms. Bradford] must show both 'that jurists of reason would find it debatable whether [her § 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We deny a COA because

reasonable jurists would not debate the correctness of the district court's decision to dismiss Ms. Bradford's § 2255 motion.

First of all, the district court was undeniably correct in holding that it lacked jurisdiction to hear the motion on the merits. The motion was clearly second or successive,[1] and it had not been authorized by this court as required under § 2255(h) and § 2244(b)(3). "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Secondly, no reasonable jurist would consider it debatable whether the district court's decision to dismiss the motion rather than transfer it was proper. Such a decision is discretionary, *id.* at 1251, and the district court here soundly exercised its discretion on the basis of two factors we have previously held properly guide such discretion: "whether the claims were filed in good faith or if, on the other hand, it was clear . . . that the court lacked the requisite jurisdiction"; and "whether the claims alleged are likely to have merit." *Id.* As for the first factor, when, as here, a party is aware or should be aware that her unauthorized second or successive motion cannot be heard in the district court, transfer may be denied on the basis that the filing was not made in good faith. *See id.* at 1252 (discussing *Trujillo v. Williams*, 465 F.3d

---

[1] Although Ms. Bradford's complaint about not receiving a hearing on her first § 2255 motion is directed at the disposition of that motion rather than her underlying conviction, it is nevertheless properly deemed a second or successive claim. *See In re Lindsey*, 582 F.3d 1173, 1175-76 (10th Cir. 2009).

1210, 1223 n.16 (10th Cir. 2006)). As for the second factor, when an unauthorized motion clearly lacks merit—"[w]here there is no risk that a meritorious successive claim will be lost"—transfer may be denied as not in the interests of justice. *Id.* That is also the case here. Ms. Bradford could not hope to secure authorization to file her second or successive § 2255 motion on the grounds asserted therein. Her reliance on *Alleyne* is unavailing, because the rule it established, while new, "has not been made retroactive to cases on collateral review by the Supreme Court," as required by § 2255(h)(2). *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (internal quotation marks omitted). Her allegation that counsel failed to file a direct appeal as requested does not invoke a new rule of law to satisfy § 2255(h)(2), nor does she suggest how it could involve newly discovered evidence of innocence to satisfy § 2255(h)(1). Being a participant in the operative events, she could hardly claim reliance on newly discovered facts in this regard, and her counsel's failure to appeal would not, in any event, constitute evidence negating her guilt of the offense to which she pleaded guilty. Her complaint about not receiving a hearing on her first § 2255 motion likewise implicates neither her innocence nor a new rule of law.

The application for a COA is denied and the appeal is dismissed. However, given the role played in our disposition by *In re Payne*, which was decided just days

before this pro se appeal was filed, we grant appellant's motion for leave to proceed in forma pauperis.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk
