FILED
United States Court of Appeals
Tenth Circuit

February 26, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ERIC LAMONT JOHNSON,

        Defendant - Appellant.

No. 14-2169
(D.C. Nos. 1:03-CR-00477-MV-1 &
1:11-CV-00037-MV-LAM)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

Eric Lamont Johnson seeks a certificate of appealability (COA) to appeal from

the district court's dismissal of his motion under 28 U.S.C. § 2255(f)(4) as an

unauthorized second or successive 28 U.S.C. § 2255 motion. *See* 28 U.S.C.

§ 2255(h). We deny a COA and dismiss this matter.

Mr. Johnson pleaded guilty to possessing a firearm during or in relation to a

drug trafficking crime and was sentenced to 180 months' imprisonment. *See United*

*States v. Johnson*, 376 F. App'x 858, 859 (10th Cir. 2010) (direct appeal). After

unsuccessfully pursuing relief under § 2255, *see United States v. Johnson*,

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

529 F. App'x 876, 876, 879 (10th Cir. 2013) (denying a COA), *cert. denied*, 134 S. Ct. 1041 (2014), he filed a motion under Fed. R. Civ. P. 60(b) claiming that he was entitled to relief under *Bailey v. United States*, 516 U.S. 137 (1995).  The district court dismissed the motion as an unauthorized second or successive § 2255 motion.  Mr. Johnson then sought authorization from this court to pursue relief under *Bailey*.  We denied authorization, noting that *Bailey* had been decided years before Mr. Johnson's conviction.  *See In re Johnson*, No. 14-2087, at 2-3 (10th Cir. June 6, 2014) (unpublished order).  Mr. Johnson's most recent filing is his "Subsequent Motion Invoking the Power of U.S.C. 2255(f)(4)," which again relies upon *Bailey*, and which the district court dismissed as an unauthorized second or successive § 2255 motion.

Mr. Johnson must obtain a COA to appeal.  *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008).  For a COA, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  But no reasonable jurist would find the district court's procedural disposition debatable.

"A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . or [the

- 2 -

sentence] is otherwise subject to collateral attack." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (internal quotation marks omitted). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Id.* at 1149. It is apparent that Mr. Johnson seeks relief in the nature of a § 2255 motion. He points out that he is relying on § 2255(f)(4). But § 2255(f) does not allow him to evade § 2255(h)'s restrictions. Rather, he must meet *both* subsections' requirements. *See Prost v. Anderson*, 636 F.3d 578, 591 (10th Cir. 2011) (noting potential effects of the interaction between §§ 2255(f)(3) and 2255(h)(2)).

Mr. Johnson's district court filing has not been authorized; to the contrary, as noted above, this court has *denied* him authorization to bring claims based on *Bailey*. Accordingly, no reasonable jurist could debate the district court's decision to dismiss the "Subsequent Motion" for lack of jurisdiction. Mr. Johnson complains that the district court did not address his arguments regarding a miscarriage of justice, but it was not within the court's power to do so. "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Nelson*, 465 F.3d at 1148.

We deny a COA and dismiss this matter.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

- 3 -