FILED
United States Court of Appeals
Tenth Circuit

April 7, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERIC L. JOHNSON,

    Defendant - Appellant.

No. 15-2221
(D.C. Nos. 1:15-CV-00176-MV-KK &
1:03-CR-00477-MV-1)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.

Eric L. Johnson seeks a certificate of appealability (COA) to appeal from a

district court order dismissing for lack of jurisdiction his motion for relief under

28 U.S.C. § 2255.  We deny a COA and dismiss this appeal.

In 2003, Mr. Johnson was charged with being a felon in possession of a

firearm (count 1), possession with intent to distribute less than 50 kilograms of

marijuana (count 2), and possession of a firearm during and in relation to a drug

trafficking crime (count 3).  The charges arose out of a traffic stop during which

officers found marijuana concealed in the trunk of the rental vehicle he was driving

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and discovered a firearm in his clothing. He pled guilty to count 3, in return for which the government agreed to dismiss the other two counts. He later moved to withdraw his plea, but the district court denied the motion. This court affirmed his conviction and sentence on direct appeal. *United States v. Johnson*, 376 F. App'x 858 (10th Cir. 2010). He later unsuccessfully challenged his conviction and sentence under § 2255 on ten different grounds. *United States v. Johnson*, 529 F. App'x 876 (10th Cir. 2013) (denying COA and dismissing appeal from district court order denying § 2255 motion). After several additional efforts to collaterally attack his conviction also failed, he filed the § 2255 motion underlying the instant appeal.

That motion asserted that newly obtained evidence demonstrated that he was innocent of the drug trafficking offense and hence of the associated firearm possession offense to which he had pled guilty, and that his guilty plea had not been knowing and intelligent in light of his ignorance of this newly obtained evidence. The evidence in question was a recently prepared affidavit from a Ms. Bennett, who had rented the vehicle Mr. Johnson was driving at the time of the traffic stop. She stated: a third party had (with her knowledge) hidden marijuana in the trunk of the vehicle days before she lent it to Mr. Johnson; she had forgotten about the marijuana when she lent Mr. Johnson the car; when she realized her mistake she did not call Mr. Johnson to tell him, nor did she speak up after his arrest, because of threats from the third party; and she recently revealed the truth because health issues prompted her to clear her conscience.

**DISTRICT COURT ORDER**

The district court determined that the motion was second or successive and had not been authorized under 28 U.S.C. §§ 2255(h) and 2244(b)(3)(C). It then elected to dismiss the matter for lack of jurisdiction rather than transfer it to this court for consideration as a motion for authorization, holding that the interest of justice did not warrant transfer under the relevant factors set out in *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). One of these factors is whether the claims asserted would be time barred if the motion were authorized to proceed. *See id.* The district court concluded that the facially untimely claims would not be saved by delayed accrual under the new-evidence provision in § 2255(f)(4), because Mr. Johnson could have discovered the facts set out in the affidavit much earlier with the exercise of due diligence. The district court also rejected equitable tolling under the principle of actual innocence, *see McQuiggin v. Perkins*, ___U.S.___, 133 S. Ct. 1924, 1928 (2013), because the new evidence offered by Mr. Johnson failed to show that he was innocent not only of the offense of conviction but of another charge (felon in possession of a firearm) dismissed in return for his plea. *See Bousley v. United States*, 523 U.S. 614, 624 (1998) ("In cases where the Government has forgone more serious charges in the course of plea bargaining, [a prisoner's] showing of actual innocence must also extend to those charges."). Finally, the district court noted that the motion was not made in good faith, because Mr. Johnson knew from past filings of the need for authorization. *See In re Cline*, 531 F.3d at 1252.

- 3 -

## COA ANALYSIS

Mr. Johnson seeks to appeal the district court's order, arguing that (1) his motion was not second or successive, (2) equitable tolling for actual innocence should apply, and (3) the district court violated his due process and equal protection rights by failing to give him a chance to develop the record before disposing of the motion.[1] To obtain a COA for this appeal involving procedural rulings, Mr. Johnson must show reasonable jurists would find it debatable "whether [his motion] states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### A. Successiveness Determination

Mr. Johnson does not dispute (and court records show) he previously filed a § 2255 motion that was denied on the merits. Thus, the instant motion is, on its face, second or successive. Of course, if the claim he now asserts did not exist when he previously pursued § 2255 relief, the motion would not be second or successive. *See In re Weathersby*, 717 F.3d 1108, 1110-11 (10th Cir. 2013) (per curiam) (holding

---

[1] Mr. Johnson's overarching contention is that his motion was not successive because the claim it raises did not exist until Ms. Bennett recently revealed the source of the marijuana attributed to him. He does not specifically target the analytically subsequent decision not to transfer the matter to this court for consideration of authorization (nor does he contend he meets the conditions for authorization under § 2255(h)). Yet the second issue noted above relates only to the decision whether to transfer the successive motion, because application of the statute of limitations has nothing to do with the antecedent determination whether the motion is successive. Liberally construing his pro se filings, we will consider whether the no-transfer decision was erroneous on the grounds asserted in the second and third issues.

second § 2255 motion is not successive if "the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition" (internal quotation marks omitted)).  Mr. Johnson invokes that principle, contending his claim arose only upon his discovery of the facts related by Ms. Bennett.

This contention reflects a basic misunderstanding of the applicable law.  The "narrow exception to the bar on successive § 2255 motions for circumstances where a particular claim cannot be raised in a defendant's initial § 2255 motion . . . occurs where the factual basis for a claim *does not yet exist*—not where it has *simply not yet been discovered*—at the time of a defendant's first [§ 2255] motion."  *United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015) (emphasis added).  In *Williams* the defendant alleged his plea was invalid due to fabrication of evidence and other police misconduct that he had recently discovered.  Noting the claim involved matters that occurred before the defendant filed his first § 2255 motion, we explained:  "Although the proof of those allegations may not have been available to [the defendant] when he filed his first [§ 2255 motion], newly available proof implicates the newly discovered evidence exception in § 2255(h)(1), not whether [the defendant's] claim should be treated as an initial [§ 2255 motion]."  *Id.* at 1069.  The same is true here.  None of the matters related by Ms. Bennett constitute a factual basis that did not yet exist—as opposed to simply being undiscovered—when Mr. Johnson pursued his first § 2255 motion.  In light of *Williams*, the propriety of the district court's determination that the instant motion was second or successive is beyond reasonable debate.

**B.  Decision not to Transfer**

The district court concluded dismissal rather than transfer of Mr. Johnson's successive motion was appropriate.  It gave two reasons:  the motion would likely be time-barred if authorized; and Mr. Johnson, who had already been told multiple times of the need to obtain authorization before filing successive § 2255 motions, was not entitled to a transfer in light of his disregard of this procedural requirement.  We need not delve into the details of the district court's time-bar analysis, because "when, as here, a party is aware or should be aware that [his] unauthorized second or successive motion cannot be heard in the district court, transfer may be denied on the basis that the filing was not made in good faith."  *United States v. Bradford*, 552 F. App'x 821, 823 (10th Cir. 2014) (denying COA for review of decision to dismiss rather than transfer successive § 2255 motion); *see also Small v. Millyard*, 488 F. App'x 288, 291 (10th Cir. 2012) (same disposition of successive § 2254 petition).

**C.  Failure to Hold a Hearing**

Mr. Johnson contends the district court's failure to hold a hearing violated his due process rights because his liberty is ultimately at stake in this proceeding.[2]  He cites no statutory authority or case law requiring the district court to hold a hearing before determining that a § 2255 motion or habeas petition is second or successive or that a transfer to this court for consideration of authorization is not in the interest of

---

[2] He also refers in passing to equal protection, but he fails to develop any argument warranting appellate review in that regard.  *See United States v. Muñoz*, 812 F.3d 809, 821 n.12 (10th Cir. 2016).

justice. We need not opine on whether a hearing could ever be constitutionally required for such determinations, because here the outcome was clearly dictated by legal principles rendering a hearing superfluous.

For the above reasons, we deny a COA and dismiss this appeal.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk