**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANTHONY LEROY DAVIS,

Petitioner - Appellant,

v.

SAM BROWNBACK, Governor;
DEREK SCHMIDT, Attorney General of
the State of Kansas,

Respondents - Appellees.

No. 16-3010
(D.C. No. 5:14-CV-03144-SAC-DJW)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **LUCERO**, and **BACHARACH**, Circuit Judges.

Petitioner Anthony Leroy Davis seeks a certificate of appealability (COA) to appeal from a district court order dismissing, for various procedural reasons, all of the claims he asserted in the underlying habeas action. Because we conclude that "jurists of reason would [*not*] find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating standard governing COA in cases involving procedural rulings), we deny a COA and dismiss this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1989, Davis was convicted by a Kansas jury of first-degree felony murder, aggravated robbery, and aggravated arson. *See State v. Davis*, 802 P.2d 541 (Kan. 1990) (affirming conviction). After unsuccessfully seeking habeas relief with respect to his 1989 convictions on prior occasions, he filed the instant petition once again challenging them under 28 U.S.C. § 2254. He also asserted claims focused on other matters, such as actions taken by the state parole board, prison officials' calculation of the expiration date of his sentence, and the conditions at his correctional facility. The magistrate judge screened the petition and issued Davis an order to show cause why the matter should not be dismissed because (1) the § 2254 claims were second or successive and had not been authorized by this court under 28 U.S.C. § 2244(b)(3); (2) the claims regarding the parole board and the calculation of the expiration date of his sentence (a) involved the execution of his sentence and thus were not properly brought under § 2254 and (b) were not, in any event, supported by adequately stated factual and legal bases; and (3) the claims regarding conditions at Davis' prison had to be brought in an action under 42 U.S.C. § 1983 rather than a habeas proceeding.

Davis responded with several filings that failed to meaningfully address any of the above deficiencies. The district court dismissed the action, adopting the magistrate judge's analysis of Davis' claims. [1] After the district court disposed of

---

[1] In a motion to amend filed in response to the show-cause order Davis seems to have been attempting to drop the non-§ 2254 claims while adding some allegations

(continued)

several post-judgment filings, Davis filed a notice of appeal followed by a combined opening brief and motion for a COA.

Davis purports to raise three issues for appeal, though his terse and cryptic briefing obscures the thrust of his argument. We have endeavored to construe his brief liberally while not manufacturing arguments for him. *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013).

His first issue, directed at the district court's determination that his second or successive habeas claims were subject to dismissal for lack of authorization under § 2244(b)(3), states that "his 28 U.S.C. [§] 2254 Amended-Petition completely supersedes the or[i]ginal petition" and that § 2254 is a bill of attainder because it deprives him of his liberty and property without due process and without a trial. Aplt. Br. at 3 (internal quotation marks omitted). While the thrust of the second point seems fairly clear (and patently frivolous), it is not clear what Davis means by his amended petition superseding an original petition. He may be contending the amendment he tried to make in response to the show cause order superseded the original petition in this case, or he may be contending the petition in this case

---

to an unauthorized § 2254 claim alleging prosecutorial use of false testimony. The district court denied the motion as futile, because the amendment did not cure the deficiencies noted by the magistrate judge. Davis does not argue on appeal that the district court should have granted a voluntary dismissal of his non-§ 2254 claims (rather, he appears to argue they should not have been dismissed). In any event, given that the district court dismissed all claims without prejudice, whether it should have considered and granted voluntary dismissal of the non-§ 2254 claims is immaterial.

superseded an earlier petition and somehow thereby became non-successive.  Neither

contention has any debatable merit.  As to the former, even overlooking the fact that

the district court denied the amendment, it would have had no effect on the

disposition of the petition because it did not cure the operative lack of authorization.

As to the latter contention, a second or successive petition does not supersede a prior

non-successive petition for purposes of § 2244(b)(3)—if it did, each new habeas

petition would supersede those that came before and thereby evade the authorization

requirement, rendering the statute meaningless.

Davis' second issue concerns his claim that the expiration date of his sentence

has not been calculated correctly under Kan. Stat. Ann. § 21-4608(g), a now-repealed

statute that specified, for crimes committed before July 1, 1993, the manner in which

consecutive definite and indefinite terms were to be combined for service by a

prisoner.  He asserts that a violation of this statute is correctable at any time.

Whether or not that is an accurate statement of Kansas law (the only authority cited

for it is an Illinois decision), it does not undercut the district court's reason for

dismissing the claim in this § 2254 proceeding.  The district court held that the claim

challenged the execution of Davis' sentence and thus must be brought under

28 U.S.C. § 2241.  The district court refused to consider the claim in this case,

because it deemed Davis' use of a § 2254 proceeding as a catch-all to include § 2241

and civil rights claims to be an improper attempt to avoid properly filing and paying

for three distinct cases.  Davis does not challenge that determination on appeal, and

- 4 -

he expressly acknowledges that his § 21-4608 claim "attacks . . . the execution of his sentences." Aplt. Br. at 4 (internal quotation marks omitted). Under the circumstances, Davis has not raised a debatable basis for reversing the district court's dismissal of the claim.[2]

Davis' final issue on appeal consists of three statements. The first is that he was deprived of his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). But any *Brady* claim would fall under § 2254 and thus have been properly dismissed for lack of authorization. The second statement suggests he was denied a transcript contrary to *Britt v. North Carolina*, 404 U.S. 226 (1971), which addressed when states must provide free transcripts for indigent defendants. This claim would also involve an attack on the state criminal proceedings under § 2254 and hence have been subject to dismissal for lack of authorization. The last statement is that Davis made a showing of actual innocence allowing him to avoid the time bar in § 2244(d) under *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013). But that is irrelevant to the fatal deficiency in his second or successive habeas claims, which was lack of authorization by this court under § 2244(b)(3), not untimeliness.

If the actual-innocence doctrine is relevant at all, it would be as part of a challenge to the district court's discretionary decision to dismiss the habeas claims rather than transfer them to this court for possible authorization. *See In re Cline*,

---

[2] We note that if the claim were somehow construed as relating to the imposition rather than execution of sentence, it would be a § 2254 claim subject, like Davis' other § 2254 claims, to dismissal for lack of authorization under § 2244(b)(3).

- 5 -

531 F.3d 1249, 1251 (10th Cir. 2008) (noting factors relevant to decision whether to dismiss or transfer successive claim include whether it would be time-barred). But Davis makes no challenge to that aspect of the district court's order. Nor would such a challenge succeed in any event. We have repeatedly held that when "a party is aware or should be aware that [his] unauthorized second or successive motion cannot be heard in the district court, transfer may be denied on the basis that the filing was not made in good faith." *United States v. Johnson*, ___ F. App'x ___, 2016 WL 1381247, at *2 (10th Cir. Apr. 7, 2016) (internal quotation marks omitted) (citing cases). Davis, who has already had a prior second or successive habeas petition dismissed for lack of authorization, is clearly subject to this principle here. *See id.*

Accordingly, we deny a COA and dismiss the appeal. We grant Davis' motion to proceed in forma pauperis on appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 6 -