FILED
United States Court of Appeals
Tenth Circuit

June 5, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERIC LAMONT JOHNSON,

    Defendant - Appellant.

No. 17-2078
(D.C. Nos. 1:16-CV-00548-MV-CG and
1:03-CR-00477-MV-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Eric Johnson seeks a certificate of appealability (COA) to appeal the district

court's orders denying his 28 U.S.C. § 2255 motion and his Federal Rule of Civil

Procedure 59(e) motions. His appointed counsel also moves for leave to withdraw.[1]

We deny Johnson's request for a COA to appeal the order denying his § 2255 motion,

vacate the district court's order denying his Rule 59(e) motions, deny Johnson's

_____

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] After the district court denied his § 2255 motion, Johnson filed a notice of appeal through appointed counsel. But appointed counsel then moved for leave to withdraw, asserting that Johnson lacked any non-frivolous basis to appeal the district court's order. Because appointed counsel therefore played no role in preparing Johnson's request for a COA, we will liberally construe that request and Johnson's other pro se filings. But we won't act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

implied request for authorization to file a successive § 2255 motion, grant counsel's motion to withdraw, and dismiss this matter.

## Background

Johnson pleaded guilty in federal district court to possessing a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The district court found that Johnson was a career offender and increased his sentence pursuant to U.S.S.G. § 4B1.2(a)(2). Johnson filed a timely § 2255 motion, but the district court denied the motion, and we declined to grant Johnson a COA. *See United States v. Johnson*, 529 F. App'x 876 (10th Cir. 2013) (unpublished).

Three years later, Johnson sought permission to file a second or successive § 2255 motion. He argued that his sentence was unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015), *abrogated by Beckles v. United States*, 137 S. Ct. 886 (2017). *Johnson* held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague, 135 S. Ct. at 2563, and *Madrid* held that the residual clause in § 4B1.2(a)(2) of the Guidelines was also unconstitutionally vague, 805 F.3d at 1211. We granted Johnson's request, and a magistrate judge recommended granting Johnson's § 2255 motion.

After the magistrate judge issued her recommendation, the Supreme Court held in *Beckles* that "the advisory Guidelines are not subject to vagueness challenges." 137 S. Ct. at 890. In light of *Beckles*, the district court declined to adopt the magistrate judge's recommendation, denied Johnson's § 2255 motion, and declined

2

to grant Johnson a COA. Johnson filed a timely notice of appeal through counsel. Afterwards, Johnson submitted two pro se post-judgment motions, which we interpreted as timely Rule 59(e) motions. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). As a result, we abated this appeal pending the district court's disposition of these motions. *See* Fed. R. App. P. 4(a)(4) (stating that notice of appeal "becomes effective" after post-judgment motions are disposed of).

The magistrate judge recommended denying both Rule 59(e) motions. The district court adopted the magistrate judge's recommendation, and Johnson filed a timely pro se notice of appeal.

## Analysis

### I. Johnson's § 2255 motion

To appeal the district court's order denying his § 2255 motion, Johnson must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Doing so requires Johnson to "demonstrate that reasonable jurists would find the district court's assessment" of his motion "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Johnson fails to make this showing. No reasonable jurist could disagree with the district court's decision to deny Johnson's § 2255 motion. *See id.* In that motion, Johnson argued that § 4B1.2(a)(2) of the Guidelines is unconstitutionally vague, and therefore his sentencing enhancement was improper. But *Beckles* explicitly held that

3

the advisory Guidelines aren't subject to vagueness challenges. *See* 137 S. Ct. at 890.

Thus, we decline to grant Johnson a COA on this basis.

## II.     Johnson's Rule 59(e) Motions

In Johnson's Rule 59(e) motions, he urged the district court to reconsider its decision to deny his § 2255 motion because, according to Johnson, his California conviction for voluntary manslaughter is no longer a crime of violence pursuant to the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016).

But this argument isn't within the scope of the second or successive § 2255 motion that we permitted Johnson to file. *See* § 2255(h); 28 U.S.C. § 2244(a)–(b). As such, the district court should have interpreted these Rule 59(e) motions, which raised new substantive challenges to Johnson's sentence, as successive § 2255 motions. *See United States v. Pedraza*, 466 F.3d 932, 934 (10th Cir. 2006) ("To the extent that the Rule 59(e) motion presented substantive argument reasserting a federal basis for relief from [defendant's] underlying conviction, the district court should have transferred the motion to this court as an additional request to file a second § 2255 motion."). Because the district court lacked jurisdiction to rule on Johnson's unauthorized successive § 2255 motions, we vacate the district court's ruling with respect to Johnson's Rule 59(e) motions. *See id.* at 933–34 (finding that Rule 59(e) motion constituted unauthorized second or successive § 2255 motion and vacating district court's order for lack of jurisdiction).

Nevertheless, although the district court lacked jurisdiction to rule on Johnson's Rule 59(e) motions, we elect to construe Johnson's notice of appeal

4

designating the order denying those motions "as an implied application to this court for leave to file a [successive] § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006); *cf. Spitznas v. Boone*, 464 F.3d 1213, 1219 (10th Cir. 2006) (stating that if "the district court has incorrectly treated a second or successive petition as a true Rule 60(b) motion and denied it on the merits, we will vacate the district court's order for lack of jurisdiction and construe the petitioner's appeal as an application to file a second or successive petition").

We will authorize a petitioner to file a second or successive § 2255 motion if the motion contains (1) "newly discovered evidence," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h). Johnson's motions don't present new evidence. Nor do they cite a new rule of constitutional law that the Supreme Court has made retroactively applicable to cases on collateral review. Instead, Johnson's Rule 59(e) motions cite *Mathis*, which did not create a new rule of constitutional law. *See Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. *For more than 25 years*, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements." (emphasis added)); *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (unpublished) (stating *Mathis* didn't announce new rule). Thus, we deny Johnson's implicit request to file a successive § 2255 motion.

5

## Conclusion

We deny Johnson's request for a COA, vacate the district court's order denying Johnson's Rule 59(e) motions, deny Johnson's implied request to file a successive § 2255 motion, and dismiss this matter. Finally, we grant appointed counsel's motion to withdraw.

Entered for the Court


Nancy L. Moritz
Circuit Judge