FILED
United States Court of Appeals
Tenth Circuit

January 29, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERIC L. JOHNSON,

    Defendant - Appellant.

No. 18-2128
(D.C. Nos. 1:03-CR-00477-MV-GJF-1,
1:18-CV-00120-MV, 1:17-CV-00675-MV-
GJF, 1:18-CV-00574-MV-GJF, 1:18-CV-
00604-MV-GJF, 1:18-CV-00708-MV-GJF)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **PHILLIPS**, Circuit Judges.
_____

Eric Lamont Johnson filed a collection of pleadings in the district court

challenging the propriety of his sentence (particularly his classification as a career

offender) and claiming he received ineffective assistance of counsel. He did not

expressly seek relief pursuant to 28 U.S.C. § 2255, instead characterizing his pleadings as

motions to amend his previous § 2255 motions pursuant to Fed. R. Civ. P. 15, motions

seeking relief from the prior judgments, and other procedural motions. The district court

treated them as unauthorized second or successive § 2255 motions and dismissed them

for lack of jurisdiction. The court also declined to transfer the matter to this court for

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Johnson to seek authorization to file a second or successive § 2255 motion and denied Johnson's request for a certificate of appealability (COA). Johnson now seeks a COA to challenge the district court's ruling. Exercising jurisdiction under 28 U.S.C. § 1291, we deny his request for a COA and dismiss this matter.

## Background

Johnson pleaded guilty to possessing a firearm during or in relation to a drug trafficking offense. Shortly thereafter, he filed a motion to withdraw his plea, which the district court denied. After finding that two of Johnson's previous convictions qualified as crimes of violence under § 4B1.1 of the United States Sentencing Guidelines, the court classified him as a career offender and sentenced him to 180 months in prison. This court affirmed the judgment of conviction. *United States v. Johnson*, 376 F. App'x 858, 859 (10th Cir. 2010).

Johnson timely filed a § 2255 motion that raised claims of ineffective assistance of counsel[1] and prosecutorial misconduct and challenged the propriety of the court's denial of his motion to withdraw his guilty plea. The district court denied the motion on the merits. We denied Johnson's request for a COA and dismissed his appeal. *United States v. Johnson*, 529 F. App'x 876, 879 (10th Cir. 2013). The Supreme Court denied his petition for certiorari. *Johnson v. United States*, 134 S. Ct. 1041 (2014).

---

[1] Johnson challenged his various attorneys' constitutional effectiveness at all phases of the case, but as pertinent here, he claimed counsel was ineffective for failing to advise him that he was subject to sentencing as a career criminal, raise appropriate objections to the presentence investigation report, and make certain arguments regarding his sentence in his post-conviction motion.

Since then, Johnson has filed numerous collateral attacks on his conviction and sentence on various grounds, including the sufficiency of the evidence to support his conviction, newly discovered evidence establishing his innocence, his claimed incompetency, counsel's alleged ineffectiveness, and his classification as a career criminal. By our count, in addition to his direct appeal and appeal of the denial of his initial § 2255 motion, Johnson has filed fourteen separate proceedings in this court alone, including petitions seeking writs of mandamus, motions for authorization under § 2255(h), and petitions seeking a COA to appeal the district court's denial of his various § 2255 motions, petitions under 28 U.S.C. § 2241, and a Fed. R. Civ. P. 60(b) motion that was treated as an unauthorized second or successive § 2255 motion. We denied relief in all but one of those proceedings, but that one was also ultimately unsuccessful, because although we granted Johnson permission to file a second or successive petition to pursue a claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), the claim failed after the Supreme Court issued *Beckles v. United States*, 137 S. Ct. 886 (2017).

Despite this court's repeated denial of his applications for a COA and permission to file a second or successive § 2255 motion in the district court, Johnson now seeks a COA to appeal the district court's dismissal of his most recent pleadings as second or successive. This time, although Johnson reiterated many of his previous arguments, his primary argument was that the attorneys who represented him in the various proceedings in which he challenged his sentence and classification as a career offender, including the § 2255 proceeding seeking relief under *Johnson*, were all ineffective. The district court construed his pleadings as seeking relief under § 2255 and dismissed them as second or

3

successive.[2]  The court declined to transfer them to this court and denied Johnson's request for a COA.

## Discussion

To appeal, Johnson must obtain a COA.  *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008).  To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one.  *Id*. at 485.

"A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . or [the sentence] is otherwise subject to collateral attack."  *United States v. Nelson*, 465 F.3d 1145, 1148

---

[2] The district court's order also addressed several issues that Johnson did not pursue in his application for a COA.  Specifically, the district court (1) denied his motions for counsel to represent him in the district court as moot; (2) denied his request that the court intervene and prevent a forthcoming criminal charge against him in West Virginia; (3) refused to seal his § 2255 proceedings; (4) concluded it lacked jurisdiction to vacate a Tenth Circuit order denying his request for an interlocutory appeal; and (5) declined to address his arguments regarding prison conditions, informing him that those claims must be raised in a 42 U.S.C. § 1983 suit.  Because Johnson does not challenge those rulings, we do not address them.

4

(10th Cir. 2006) (internal quotation marks omitted). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Id*. at 1149.

Here, all of Johnson's pleadings, regardless of how he captioned them, raised essentially the same claims he raised on direct appeal, in his first § 2255 motion, and in his previous collateral attacks. Although some of his claims are presented with a different spin (e.g., that counsel in the *Johnson/Beckles* proceeding was ineffective), they nevertheless reiterate his previous claims that he should not have been classified as a career offender, that his sentence was otherwise unlawful, and that he received ineffective assistance of counsel.[3] Our review of the record supports the district court's conclusion that Johnson's claims seek relief in the nature of a § 2255 motion, and no reasonable jurist would debate its procedural determination. Accordingly, we deny a COA[4] and do not address whether Johnson's pleadings state a valid claim of the denial of a constitutional right. *See Slack*, 529 U.S. at 485.

First, we agree with the district court's conclusion that Johnson was not entitled to amend his previous unsuccessful petitions under Fed. R. Civ. P. 15. *See Nelson*, 465 F.3d at 1148-49 (holding that motion to amend and supplement previously denied § 2255 motion must be treated as a second or successive § 2255 motion, explaining that "once

---

[3] Johnson's arguments are described in more detail in the district court's dismissal order. Because he is proceeding pro se, we, like the district court, construe his allegations liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] The district court denied Johnson's claim that counsel in the *Johnson/Beckles* proceeding was ineffective on the merits, noting that there is no constitutional right to counsel in collateral proceedings, but we deny a COA as to that claim because it, like the others, is a second or successive § 2255 claim.

5

judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated" (internal quotation marks omitted)).

Second, to the extent Johnson characterized his pleadings as having been filed pursuant to Fed. R. Civ. P. 60(b), the district court properly construed them as second or successive § 2255 claims. Rule 60(b) cannot be used to "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). "[A] 'true' 60(b) motion . . . either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the [§ 2255 motion]; or (2) challenges a defect in the integrity of the federal habeas proceeding . . . ." *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citation omitted). Regardless of how a movant characterizes a motion, it should be treated as a successive § 2255 motion if it "asserts or reasserts a federal basis for relief" from the underlying conviction. *Id*. at 1215. Here, the substance of Johnson's pleadings did not challenge a procedural ruling that prevented the district court from considering the merits of the claims in his first § 2255 motion, but instead asserted and reasserted challenges to the lawfulness of his sentence. At base, his current claims are the same claims he has raised in his numerous previous § 2255 motions and the district court properly treated them as successive § 2255 claims.

Third, we recognize that a motion is not second or successive if it asserts a claim that did not exist when the initial § 2255 motion was filed. *See In re Weathersby*, 717 F.3d 1108, 1110-11 (10th Cir. 2013) (per curiam) (holding second § 2255 motion is

6

not successive if "the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition" (internal quotation marks omitted)). But that is not the case here. The "narrow exception to the bar on successive § 2255 motions for circumstances where a particular claim cannot be raised in a defendant's initial § 2255 motion . . . occurs where the factual basis for a claim does not yet exist—not where it has simply not yet been discovered—at the time of a defendant's first [§ 2255] motion." *United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015). None of the issues Johnson raises here constitute a factual basis that did not yet exist when he filed his first § 2255 motion, and the fact that he came up with a new way to present old arguments about his sentence does not trigger the exception to the prohibition on second or successive § 2255 motions.

Finally, we agree with the district court's determination that the interests of justice did not warrant transferring Johnson's pleadings to this court under the relevant factors set out in *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam), and we reject his contention, as we have in at least one of his prior filings, that his facially untimely claims would be saved by equitable tolling principles and the new-evidence provision in 28 U.S.C. § 2255(f)(4). His claims are not newly discovered or based on new evidence—they are simply the same claims presented with a new twist.

We conclude that reasonable jurists could not debate that the district court was correct in treating Johnson's current pleadings as unauthorized second or successive

7

§ 2255 motions and dismissing them for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk